THE STATE OF OHIO, APPELLEE, *v.*
HOLMES; INTERNATIONAL FIDELITY INSURANCE COMPANY, APPELLANT.

[Cite as State *v.* Holmes (1991), 57 Ohio St. 3d 11.]

(No. 89-1368—Submitted October 24, 1990—Decided January 9, 1991.)

<sup>1</sup> See R.C. 2937.44.

*James J. Mayer, Jr.*, prosecuting attorney, and *Jerry E. Ault*, for appellee.

*Steven A. Larson*, for appellant.

DOUGLAS, J. Holmes entered Richland County without prior approval of the trial court and, hence, violated the third condition of his release. The state of Ohio, appellee, suggests that Holmes's noncompliance with the condition of his release is a breach of condition of the bail bond and, hence, the forfeiture of a portion of the bond was proper under Crim. R. 46(M).

We disagree. Crim. R. 46(M)[2] provides that upon a breach of condition of a bond, the court must declare a forfeiture of the bail. However, Crim. R. 46(M) also requires that forfeiture proceedings be enforced *"* * * as provided by law."* (Emphasis added.) Additionally, Crim. R. 46(N)[3] provides that a surety may be relieved of responsibility on the bond *"* * * as provided by law."* (Emphasis added.)

Forfeiture proceedings are governed by R.C. 2937.36, which provides, in pertinent part:

"Upon declaration of forfeiture, the magistrate or clerk of the court adjudging forfeiture shall proceed as follows:

"* * *

"(C) *As to recognizances he shall notify* accused and *each surety* by or-

---

[2] Crim. R. 46(M) provides as follows:

"Forfeiture of bonds. If there is a breach of condition of a bond, the court shall declare a forfeiture of the bail. Forfeiture proceedings shall be promptly enforced as provided by law."

[3] Crim. R. 46(N) provides as follows:

"Exoneration. The obligor shall be exonerated as provided by law."

dinary mail at the address shown by them in their affidavits of qualification or on the record of the case, *of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain* to be stated in the notice, and which shall be not less than twenty nor more than thirty days from the date of mailing notice, *why judgment should not be entered against each of them* for the penalty stated in the recognizance. *If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties* or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases. * * *'' (Emphasis added.)

R.C. 2937.36(C) provides, by implication, "* * * that a surety may be exonerated if good cause 'by production of the body of the accused or otherwise' is shown." (Emphasis omitted.) *State* v. *Hughes* (1986), 27 Ohio St. 3d 19, 20, 27 OBR 437, 438, 501 N.E. 2d 622, 623. In other words, pursuant to R.C. 2937.36(C) production of the body of the defendant on the date or dates specified in the notice of default and adjudication of forfeiture constitutes a showing of good cause why judgment should not be entered against each surety of the defendant.

In the case at bar, the trial court ordered that Holmes and Fidelity appear on or before August 2, 1988 to show cause why a bond forfeiture judgment should not be entered against Holmes. The parties to this appeal agree that several days prior to August 2, Holmes was apprehended by police due to the efforts of Fidelity.

Further, the record reflects that Holmes was presented to the court on August 2, and was present during the show cause hearing. Following the hearing to show cause, the trial court ordered the forfeiture of $17,500. We find that Fidelity, in compliance with R.C. 2937.36(C), established good cause why judgment of forfeiture should not have been entered by producing Holmes to the trial court on the date specified by the court.

Therefore, even if we were to assume, as appellee suggests, that Holmes's noncompliance with a condition of his release is a breach of condition of the bail bond, it is clear that under R.C. 2937.36(C), good cause was shown why judgment should not have been entered against Fidelity for any portion of the bail bond. Accordingly, no portion of the fifty thousand dollar bond posted by Fidelity should have been forfeited.

In the case *sub judice*, the court of appeals rejected Fidelity's assertion that R.C. 2937.36(C) precluded forfeiture when the body of the defendant was produced to the court. In doing so, the court of appeals determined that although the primary purpose of bail is to ensure the defendant's appearance at all stages of the criminal proceedings,[4] under Crim. R. 46(E)(1), the trial court could impose conditions of bail. Crim. R. 46(E)(1) provides:

"(E)   Release after conviction.

"(1)   *Felony cases.* Except when a person has been sentenced to death, a person who has been convicted and is either awaiting sentence or has filed a notice of appeal shall be treated in accordance with the provisions of subdivision (C), unless the judge has reason to believe that no one or more conditions of release will reasonably

---

[4] Crim. R. 46(A) provides in part:
"Purpose of and right to bail. The purpose of bail is to insure that the defendant appears at all stages of the criminal proceedings. * * *"

assure that the person will not flee or pose a danger to any other person or the community. If such a risk of flight or danger is believed to exist, the person may be ordered detained."

The provisions of subdivision (C) of Crim. R. 46 permit a judge to impose certain "* * * conditions of release which will reasonably assure the appearance of the person for trial * * *" including any combination of the following:

"(1) Place the person in the custody of a designated person or organization agreeing to supervise him;

"(2) Place restrictions on the travel, association, or place of abode of the person during the period of release;

"* * *

"(4) Require the execution of a bail bond with sufficient solvent sureties, or the execution of a bond secured by real estate in the county, or the deposit of cash or the securities allowed by law in lieu thereof, or;

"(5) Impose any other constitutional condition considered reasonably necessary to assure appearance."

Certainly, under Crim. R. 46(E)(1), it is proper to impose upon a defendant certain conditions of release to *assure appearance* of the defendant. The breach of a condition of release provides an adequate basis to revoke the release. However, simply because a condition of release may be imposed upon a defendant does not mean that the breach of such a condition requires the forfeiture of a bail bond. The procedure for the forfeiture of bail is not governed by the breach of a condition of release but, rather, is governed by the procedures set forth in R.C. 2937.36. Accordingly, timely production of the body of the defendant constitutes a showing of good cause why a forfeiture judgment may not be entered against a surety. This determination comports with the purpose of bail which is to ensure the appearance of a defendant.

For the foregoing reasons, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., SWEENEY, WRIGHT and H. BROWN, JJ., concur.

HOLMES and RESNICK, JJ., concur in judgment only.