OPINION *Page 2 
{¶ 1} Defendant-appellant Michelle Bryson appeals the April 4, 2007 Judgment Entry entered by the Stark County Court of Common Pleas, which effectively denied her pro se Motion to Vacate Bond Forfeiture. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} In July 2006, a complaint was filed in the Massillon Municipal Court charging appellant, Michelle Kelly Bryson, with trafficking in cocaine. Appellant's bond was ultimately modified to a $10,000 unsecured bond with supervision by the Pre-trial Release Program (PTRP). (Docket and Entry filed July 12, 2006).
 {¶ 3} In August 2006, the Stark County Grand Jury indicted appellant on two counts of complicity to trafficking in cocaine, a violation of R.C. § 2923.03(A) (2), felonies of the fourth degree. Appellant was not arrested, but rather served with the indictment by summons sent by certified mail. (Docket, Aug. 7, 2006). Appellant pleaded not guilty at her arraignment.
 {¶ 4} A pretrial hearing was originally scheduled for September 11, 2006; however, it was advanced to September 8, 2006. On September 6, 2006, a final pre-trial hearing was scheduled for September 25, 2006. On September 8, 2006, the trial court continued appellant's pre-trial hearing to September 15, 2006. The September 15, 2006 pretrial was continued to September 18, 2006. On September 18, 2006, appellant did not appear and a capias was issued; however, it was cancelled and set aside on or about September 19, 2006. On September 20, 2006, the trial court scheduled a final pretrial for September 25, 2006; however, this hearing was continued until September 29, 2006. The final pretrial was continued again from September 29, 2006, until October 2, 2006. *Page 3 
 {¶ 5} Appellant failed to appear for the final pretrial hearing on October 2, 2006. The trial court revoked her bond and a capias was issued for her arrest. A forfeiture hearing was scheduled for October 30, 2006; however, on October 23, 2006 this hearing was advanced on the Court's own motion to October 25, 2006. There is no evidence in the record of service of the new hearing date upon appellant. Appellant did not appear at the October 25, 2006 show cause hearing. By Judgment Entry filed November 2, 2006 the trial court ordered judgment against the appellant in the amount of ten thousand and no/100 dollars ($10,000.00). A copy of the notice was mailed to appellant by certified mail but returned as "moved left no address." (Docket, Nov. 13, 2006). Appellant was arrested on the capias on November 13, 2006.
 {¶ 6} On November 22, 2006, appellant appeared in court and changed her not guilty plea to guilty. Appellant, who was represented by appointed counsel, was sentenced to seventeen months in prison.
 {¶ 7} On or about January 23, 2007, while incarcerated, appellant was notified of the fact that her bond in the amount of ten thousand and no/100 dollars ($10,000.00) had been forfeited by the trial court. On or about March 27, 2007, appellant drafted and filed a pro se Motion to Vacate Bond Forfeiture with supporting Affidavit of Indigency. This pro se Motion was inexplicably deemed a request to file a delayed appeal by the trial court. The trial court appointed counsel for appellant in an entry filed April 4, 2007.
 {¶ 8} On July 6, 2007, this Court granted appellant's motion to file a delayed appeal. *Page 4 
 I. {¶ 9} At the outset, we granted appellant leave to file a delayed appeal pursuant to App.R. 5(A). Accordingly, we find that this Court has jurisdiction to consider appellant's argument.
 {¶ 10} In her sole assignment of error appellant maintains that the trial court erred in forfeiting her bond. We agree.
 {¶ 11} The purpose of bail is to insure that the accused appears at all stages of the criminal proceedings. State v. Hughes (1986),27 Ohio St.3d 19, 20, 501 N.E.2d 622; State v. Rich, 6th Dist. No. L-04-1102,2004-Ohio-5678, at ¶ 14. Crim R. 46 delineates the types of bail bond that are acceptable, the conditions of bail the court may properly impose, and the factors the court must consider in setting the amount and conditions of bail. Crim. R. 46(A)-(C). When a defendant fails to appear or otherwise breaches a condition of bail, Crim. R. 46(I) governs. The rule provides:
 {¶ 12} "Any person who fails to appear before any court as required is subject to the punishment provided by the law, and any bail given for the person's release may be forfeited. If there is a breach of condition of bail, the court may amend the bail."
 {¶ 13} The procedure for bail forfeiture is found in R.C. Chapter 2937. R.C. 2937.35 provides:
 {¶ 14} "Upon the failure of the accused or witness to appear in accordance with its terms, the bail may in open court be adjudged forfeit, in whole or in part by the court or magistrate before whom he is to appear. But such court or magistrate may, in its discretion, continue the cause to a later date certain, giving notice of such date to him *Page 5 
and the bail depositor or sureties, and adjudge the bail forfeit upon failure to appear at such later date."
 {¶ 15} When there is a declaration of forfeiture, R.C. 2937.36 directs that,
 {¶ 16} "* * * the magistrate or clerk of the court adjudging forfeiture shall proceed as follows:
 {¶ 17} "* * *
 {¶ 18} "(C) As to recognizances he shall notify accused and each surety by ordinary mail at the address shown by them in their affidavits of qualification or on the record of the case, of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than twenty nor more than thirty days from date of mailing notice, why judgment should not be entered against each of them for the penalty stated in the recognizance. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases. The proceeds of sale shall be received by the clerk or magistrate and distributed as on forfeiture of cash bail."
 {¶ 19} If a judgment on the sureties has been entered at a hearing held pursuant to R.C. 2937.36, a surety may seek remission of the forfeiture in the event that the accused subsequently appears, surrenders or is rearrested. In that event, the court may, in its discretion, remit some or the entire forfeited bond. R.C. 2937.39. *Page 6 
 {¶ 20} In exercising its discretion on whether to remit some or all of a forfeiture, the court should consider, 1) the circumstances of the accused's reappearance, 2) his or her reason for failing to appear, 3) the prejudice afforded the prosecution by the accused's absence, 4) whether sureties helped return the defendant, 5) mitigating circumstances, and 6) whether justice requires that the entire amount remain forfeited. State v. American Bail Bond Agency (1998),129 Ohio App.3d 708, 712-713, 719 N.E.2d 13;State v. Duran (2001),143 Ohio App.3d 601, 604, 758 N.E.2d 742; State v. Patton (1989),60 Ohio App.3d 99, 101, 573 N.E.2d 1201; State v. Sexton, 4th Dist. No. 99CA19, 2000-Ohio-2006.
 {¶ 21} In the case at bar, we note that on October 2, 2006 the trial court set a hearing for October 30, 2006 pursuant to R.C. 2937.36 for appellant to show cause why judgment should not be entered against her for the penalty stated in the recognizance. [Order of Bail Forfeiture, filed October 2, 2006]. However, on October 23, 2006 the trial courton its own motion advanced the hearing date to October 25, 2006. [Stark County Court of Common Pleas, Criminal Hearing Disposition Sheet, filed October 23, 2006]. There is no evidence in the trial court's record that the trial court notified appellant as required by R.C. 2937.36 of the new hearing date.
 {¶ 22} We further note that the delay in the case at bar was minimal. The pre-trial for which appellant failed to appear was scheduled for October 2, 2006. Appellant was arrested November 13, 2006 on the capias. Appellant entered a plea to the charges on November 20, 2006. No prejudice to the prosecution has been demonstrated by this minimal delay considering the number of continuances occurring before the final pretrial date. The fact that the trial court sua sponte advance the hearing date scheduled for *Page 7 
the show cause hearing is a circumstance mitigating in favor of the appellant. The trial court found appellant to be indigent. No money was deposited by appellant or anyone on her behalf to secure her appearance. Clearly, justice did not require that the trial court order the penalty stated in the recognizance be forfeited.
 {¶ 23} In State v. Holmes (1991), 57 Ohio St.3d 11, 564 N.E.2d 1066, George Holmes was released pending appeal on $50,000 bond, posted by a bail bondsperson. One of the conditions of his release was that he not enter Richland County without prior approval of the common pleas court. When Holmes breached that condition, the court ordered his bail revoked and that he be taken into custody. The court also ordered his bail forfeited and set a date for Holmes and his bondsperson to appear to show cause why a bond forfeiture judgment should not be entered. When Holmes and his bondsperson appeared at the show cause hearing, the court ordered $17,500 of Holmes' bond forfeited for violation of a bail condition. The bondsperson appealed.
 {¶ 24} On consideration, the Supreme Court of Ohio reversed the forfeiture, holding that, "* * * it is proper to impose upon a defendant certain conditions of release to assure appearance of the defendant. The breach of a condition of release provides an adequate basis to revoke the release. However, simply because a condition of release may be imposed upon a defendant does not mean that the breach of such a condition requires the forfeiture of a bail bond. The procedure for the forfeiture of bail is not governed by the breach of a condition of release but, rather, is governed by the procedures set forth in R.C.2937.36. Accordingly, timely production of the body of the defendant constitutes a showing of good cause why a forfeiture judgment may not be entered against a surety. This determination comports with the purpose of bail which is *Page 8 
to ensure the appearance of a defendant." Id. at 14, 564 N.E.2d 1066
(emphasis in the original.)
 {¶ 25} In the case at bar, even assuming that the trial court's initial forfeiture determination was correct, entry of judgment against the appellant after the court sua sponte advanced the show cause hearing was erroneous where the record does not reflect that appellant was given actual notice of the change in dates. Further the appellant appeared and entered a plea to the charges eighteen (18) days after the Judgment Entry forfeiting the bond was filed by the trial court. No money was ever deposited with the court by appellant or anyone on her behalf and the trial court had found appellant to be indigent. The trial court's order that the recognizance be forfeited does not bear a reasonable relationship to the costs and inconvenience in regaining custody of the accused and again preparing for trial as appellant did not remain at large and in fact entered a plea. The fact that the trial court had previously cancelled a bond forfeiture for appellant's missing a pre-trial conference instead of amending the bond requirements to require appellant to post a cash or surety bond further lends credence to a miscommunication concerning court dates as the reason for appellant's non-appearance.
 {¶ 26} We find under the unique circumstances of this case that the trial court abused its discretion in ordering that penalty stated in the recognizance should be forfeited and in denying appellant a remission or vacation of the forfeiture as requested in her motion filed in the trial court on March 30, 2007.
 {¶ 27} Appellant's sole assignment of error is sustained. *Page 9 
 {¶ 28} Accordingly, on the authority contained in Section 3(B) (2), Article IV of the Ohio Constitution the November 2, 2006 judgment of the Stark County Court of Common Pleas ordering that the penalty stated in the recognizance should be forfeited and entering judgment against appellant for $10,000.00 is vacated.
 Gwin, P.J., Farmer, J., and Edwards, J., concur *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the authority contained in Section 3(B) (2), Article IV of the Ohio Constitution the November 2, 2006 judgment of the Stark County Court of Common Pleas ordering that the penalty stated in the recognizance should be forfeited and entering judgment against appellant for $10,000.00 is vacated. Costs to appellee.
[1] A Statement of the Facts underlying Appellant's original conviction is unnecessary to our disposition of this appeal. Any facts needed to clarify the issues addressed in Appellant's assignment of error shall be contained therein. *Page 1