DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, surety Walmatt, Inc., appeals a decision of the Toledo Municipal Court, denying a motion to remit bond forfeiture. Because the trial court abused its discretion by not following the notice period required by R.C. 2937.36 (C), we reverse. *Page 2 
 {¶ 2} On June 1, 2007, Dyricus Ramey was arrested and booked into the Lucas County Jail for trafficking and possession of drugs. Later that day, appellant posted bond of $10,000 on Ramey's behalf.
 {¶ 3} A preliminary hearing was continued several times and Ramey was present in court with his attorney at three appearances. On October 16, 2007, however, Ramey failed to appear. The trial court ordered the bond forfeited, set a bond forfeiture hearing for November 6, 2007, and sent appropriate notice.
 {¶ 4} The court then, without notice, held the forfeiture hearing on November 1, 2007, and ordered appellant to pay the bond in full by December 1, 2007. No notice to appellant of the November hearing is in the record.
 {¶ 5} Appellant moved to remit the bond forfeiture. At a January 7, 2008 hearing, appellant argued that it had two teams of recovery agents out looking for Ramey, even though the Toledo Police apprehended him first. The trial court denied appellant's motion and stated that since law enforcement and not the surety brought Ramey in, remitting all or part of the bond forfeiture was discretionary and the court would decline to do so pursuant to its "normal policy."
 {¶ 6} Appellant now appeals setting forth the following assignment of error:
 {¶ 7} "The Trial Court Abused its Discretion When it Forfeited the Subject Bond Prior to the Scheduled Show Cause Hearing and When it Denied Appellant Surety's Subsequent Motion to Vacate Bond Forfeiture Judgment and Surety's Alternate Motion for Remission." *Page 3 
 {¶ 8} The procedure for the forfeiture of bail is governed by the procedures set forth in R.C. 2937.36. State v. Holmes (1991),57 Ohio St.3d 11, 14. R.C. 2937.36 (C) provides that, upon declaration of bond forfeiture, the magistrate or clerk of the court adjudging bond forfeiture shall "* * * notify accused and each surety * * * of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than twenty nor more than thirty days from date of mailing notice, why judgment should not be entered against each of them * * *. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them * * *." R.C. 2937.36 (C).
 {¶ 9} After judgment has been rendered against the surety or rearrest of the accused, the court "* * * may remit all or such portion of the penalty as it deems just * * * ." R.C. 2937.39. In determining whether to remit some or all of a forfeiture, the court should consider: (1) the circumstances of the accused's reappearance; (2) his or her reason for failing to appear; (3) the prejudice afforded the prosecution by the accused's absence; (4) whether sureties helped return the defendant; (5) mitigating circumstances; and 6) whether justice requires that the entire amount remain forfeited. State v. Am. Bail Bond Agency (1998),129 Ohio App.3d 708, 712-713; State v. Duran (2001),143 Ohio App.3d 601, 604.
 {¶ 10} The decision to remit a forfeited bond is a matter within the sound discretion of the court and will not be reversed absent an abuse of that discretion. State v. *Page 4 Patton (1989), 60 Ohio App.3d 99, 101. An abuse of discretion is more than an error of judgment or a mistake of law, the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} Timely production of the body of the defendant constitutes a showing of good cause as to why a forfeiture judgment may not be entered against a surety. State v. Holmes (1991), 57 Ohio St.3d 11, 14. This determination comports with the purpose of bail which is to ensure the appearance of a defendant. Id.
 {¶ 12} A trial court abuses its discretion when it does not follow the period required by the statute by giving at least 20 days notice or a show cause hearing to the surety and agent before they must appear in court. State v. Green, 9th Dist. Nos. 02CA0014/02CA0019, 2002-Ohio-5769,¶ 16-17.
 {¶ 13} The 5th District Court of Appeals addressed a similar situation in State v. Bryson, 5th Dist. No. 2007-CA-00108, 2007-CA-00132,2008-Ohio-193. In Bryson, the defendant failed to appear at a pretrial hearing on October 2. Id. at ¶ 5. A bond forfeiture hearing was scheduled for October 30. Id. On October 23, however, the trial court advanced the hearing on its own motion to October 25 and entered judgment forfeiting the bond when the defendant did not appear. Id. There was nothing in the record showing service of the new hearing date upon the defendant. Id.
 {¶ 14} The 5th District held that a court abuses its discretion when there is nothing in the trial court's record showing that the court notified appellant of a new forfeiture hearing date as required by R.C.2937.36 (C). Id. at ¶ 25. *Page 5 
 {¶ 15} The November 1, 2007 hearing clearly violates the 20-day minimum notice period required by R.C. 2937.36 (C). Ramey failed to appear on October 16, 2007, and the originally scheduled November 6, 2007 hearing date was just within the statutory minimum 20-day period. Not only did the November 1 hearing violate the minimum notice period, but there is no record of any attempt to give notice to appellant of the new hearing date. The trial court erred arbitrarily by holding the November 1 hearing without notice to appellant and entering judgment, denying appellant its right to show cause. Further, as the trial court denied the motion for remission of the bond based on its normal policy rather than the considerations contained in R.C. 2937.39, it arbitrarily failed to exercise any discretion. We find appellant's assignment of error well-taken.
 {¶ 16} On consideration whereof, the judgment of the Toledo Municipal Court ordering the $10,000 bond forfeited is reversed. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 6 
Mark L. Pietrykowski, P.J., Judge, Arlene Singer, J., Judge, Thomas J. Osowik, J., Judge, CONCUR. *Page 1