DECISION AND JUDGMENT
{¶ 1} This case is before the court on an accelerated appeal from the August 1, 2008 judgment of the Toledo Municipal Court, [1] which denied the surety's motion to vacate the bond forfeiture judgment and release the surety or, alternatively, for remission of the surety. For the reasons that follow, we reverse the judgment of the trial court.
 {¶ 2} On December 28, 2007, Vincent Williams was arrested and placed in jail. *Page 2 
He was arraigned in December 31, 2007, and bond was set at $1,500. Brian Kopp posted a surety bond that day. Trial was set for April 25, 2008; however, Williams failed to appear. The trial court issued a bench warrant, ordered the bond forfeited, and set a bond forfeiture hearing for May 15, 2008. On May 14, 2008, Williams was arrested. Williams was present at the May 15, 2008 bond forfeiture hearing; however, the surety did not appear. The trial court ordered the bond forfeited.[2] On May 23, 2008, Williams entered a plea of no contest to disorderly conduct, in violation of Toledo Municipal Code 509.03, a fourth degree misdemeanor. On July 24, 2008, Walmatt, Inc. ("Walmatt "), a bail bonds company, paid the $1,500 forfeited bond amount into the court. On July 30, 2008, Walmatt filed a motion to vacate the bond forfeiture judgment and release the surety or, alternatively, for remission of the surety. The trial court denied Walmatt's motion on August 1, 2008, without a hearing.
 {¶ 3} On appeal, Walmatt sets forth the following assignments of error:
 {¶ 4} 1. "The trial court abused its discretion when it forfeited the subject bond at the scheduled show cause hearing even though defendant was in custody the day before and even though the defendant appeared at the show cause hearing." *Page 3 
 {¶ 5} 2. "The trial court abused its discretion when it denied appellant surety's subsequent motion to vacate bond forfeiture judgment and surety's alternate motion for remission."
 {¶ 6} On the authority of State v. Richardson (Aug. 13, 1982), 6th Dist. No. L-82-126, we find appellant's first assignment of error well-taken. "R.C. 2937.36 allows the surety to avoid forfeiture if the accused appears on the date set by the court pursuant to R.C. 2937.36(C)." Id. It makes "no difference whether the defendant is produced by the surety or produced by law enforcement officers; either way the objectives of Crim. R. 46 and R.C. 2937.36 are achieved when the defendant is produced in court on the date his presence is required."
 {¶ 7} Because we find appellant's first assignment of error well-taken, we find that the trial court abused its discretion in denying appellant's motion to vacate the bond forfeiture judgment and remit the surety. Appellant's second assignment of error is therefore found well-taken.
On consideration whereof, the court finds that substantial justice was not done the appellant, and the judgment of forfeiture entered against appellant by the Toledo Municipal Court is vacated. Pursuant to App. R. 12(B), Toledo Municipal Court is ordered to remit $1,500 to appellant. Appellee is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., William J. Skow, P.J.
[1] The trial court's entry was journalized on August 4, 2008.
[2] The trial court's entry was journalized on May 19, 2008. *Page 1