**CITY OF TOLEDO, Appellee,**

v.

**FLOYD, Defendant;  Pope, Appellant.**

[Cite as *Toledo v. Floyd,* 185 Ohio App.3d 27, 2009-Ohio-5507.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–08–1364.

Decided Oct. 16, 2009.

David Toska, City of Toledo Chief Prosecuting Attorney, and Michelle Turvey, Assistant Prosecuting Attorney, for appellee.

Merle R. Dech Jr., for appellant.

PIETRYKOWSKI, Judge.

{¶ 1} This is an accelerated appeal from judgments of the Toledo Municipal Court that ordered the bonds posted by surety-appellant Martin Pope forfeited. Pope now challenges those judgments through the following assignments of error.

{¶ 2} "1. The trial court abused its discretion when it entered an order forfeiting the subject bond(s).

{¶ 3} "2. The trial court abused its discretion in forfeiting the bond following defendant's appearance on September 11, 2008."

{¶ 4} On November 6, 2007, defendant Tyrone Floyd was charged under two separate case numbers with one count of assault and one count of domestic violence. Initially, Floyd was released on his own recognizance, but on May 22, 2008, the lower court issued a bench warrant for appellant's arrest and set bond at $5,000 on each case. On July 27, 2008, Pope posted two $5,000 bonds on Floyd's behalf. The cases were then set for trial on August 5, 2008. On August 4, 2008, the trial was reset for August 22, 2008. On August 22, however, Floyd failed to appear for trial. The lower court issued a bench warrant for Floyd's arrest, ordered the bonds that were posted on July 27 forfeited, and set a bond-forfeiture hearing for September 11, 2008. On August 26, 2008, the clerk of the Toledo Municipal Court mailed to Pope a notification of the surety-bond-forfeiture hearing. Also on August 26, 2008, Floyd was arrested, and the warrant was returned.

{¶ 5} The lower court held the bond-forfeiture hearing on September 11, 2008, at which Floyd appeared pro se and Pope was represented by counsel. Despite Floyd's explanations for his previous failure to appear, the court concluded that because Floyd had been arrested on August 26, not produced by Pope, the bonds were forfeited. Judgment entries ordering the bonds paid within 30 days were journalized on September 12, 2008. It is from those judgments that Pope appeals.

{¶ 6} In his first assignment of error, Pope contends that the lower court erred in ordering the bonds forfeited when Pope was not timely notified of the bond-forfeiture hearing pursuant to R.C. 2937.36(C).

{¶ 7} The procedure for forfeiture of a bond is governed by R.C. 2937.36. R.C. 2937.36(C) provides that upon declaration of bail forfeiture, the magistrate or clerk of the court adjudging forfeiture shall "notify accused and each surety * * * of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than twenty nor more than thirty days from date of mailing notice, why judgment should not be entered against each of them * * *.

If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them * * *."

{¶ 8} The record reveals that the clerk of the lower court notified Pope and Floyd on August 26, 2008, that the bond-forfeiture hearing would be held on September 11, 2008, or 14 days after notices were mailed. Appellee concedes that the lower court did not comply with the notice requirements of the statute. Nevertheless, appellee asserts Pope was not prejudiced by the technical failure because his appearance at the forfeiture hearing with defendant and counsel demonstrates that he had actual notice of the hearing. Accordingly, appellee contends that the lower court did not abuse its discretion in forfeiting the bond.

{¶ 9} This court has previously held that "[a] trial court abuses its discretion when it does not follow the period required by the statute by giving at least 20 days notice or a show cause hearing to the surety and agent before they must appear in court." *State v. Ramey,* 6th Dist. No. L–08–1040, 2008-Ohio-3275, 2008 WL 2586753, ¶ 12, citing *State v. Green,* 9th Dist. Nos. 02CA0014 and 02CA0019, 2002-Ohio-5769, 2002 WL 31386775, ¶ 16–17. In *Ramey,* however, the trial court scheduled a bond-forfeiture hearing and sent appropriate notice, then moved up the date for the hearing and failed to notify the surety of the new date. Similarly, in *Green,* the court gave the surety only five days to produce the defendant. In the present case, although the trial court violated the 20–day notice requirement, appellant appeared in court with the defendant at the scheduled show-cause hearing. Accordingly, we cannot say that Pope was prejudiced by the court's failure to abide by the rule, and the first assignment of error is not well taken.

{¶ 10} In his second assignment of error, Pope asserts that the lower court erred in ordering the bonds forfeited following Floyd's appearance at the September 11 hearing.

{¶ 11} "[T]imely production of the body of the defendant constitutes a showing of good cause why a forfeiture judgment may not be entered against a surety." *State v. Holmes* (1991), 57 Ohio St.3d 11, 14, 564 N.E.2d 1066. "This determination comports with the purpose of bail which is to ensure the appearance of a defendant." Id. Recently, in *State v. Williams,* 6th Dist. No. L–08–1116, 2009-Ohio-1116, 2009 WL 641339, we determined that a trial court erred in denying a surety's motion to vacate a bond-forfeiture judgment when the defendant was arrested the day before the bond-forfeiture hearing and, therefore, appeared at that hearing. Relying on our earlier decision in *State v. Richardson* (Aug. 13, 1982), 6th Dist. No. L–82–126, 1982 WL 6546, we stated: " 'R.C. 2937.36 allows the surety to avoid forfeiture if the accused appears on the date set by the

court pursuant to R.C. 2937.36(C).' Id. It makes 'no difference whether the defendant is produced by the surety or produced by law enforcement officers; either way the objectives of Crim.R. 46 and R.C. 2937.36 are achieved when the defendant is produced in court on the date his presence is required.' "

{¶ 12} We therefore find that the trial court erred in ordering the bond forfeited, and the second assignment of error is well taken.

{¶ 13} On consideration whereof, the judgments of the Toledo Municipal Court ordering the $5,000 bonds in the two cases are vacated. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments vacated.

SINGER and OSOWIK, JJ., concur.