[Cite as *State v. Dye*, 2018-Ohio-4551.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 17 CA 00045 |
| STEVEN DYE | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Municipal Court,
Case No.  CRB 1502653


JUDGMENT:    Reversed and Remanded


DATE OF JUDGMENT ENTRY:    November 9, 2018


APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

DANIEL E. COGLEY                          DOUGLAS C. BOND
ASSISTANT CITY PROSECUTOR          600 Courtyard Square
P. O. Box 1008                                116 Cleveland Avenue, NW
Lancaster, Ohio  43130                      Canton, Ohio  44702

*Wise, John, P. J.*

{¶1} Appellant James Brown appeals the September 14, 2017, decision of the Fairfield County Municipal Court wherein it entered judgment against him as surety on a bond.

{¶2} Appellee is State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3} On November 23, 2015, Appellant James Brown posted a surety bond in the amount of $5,000.00 in the trial court for Defendant Steven Dye.

{¶4} On April 6, 2016, Defendant Steven Dye failed to appear in the trial court for a scheduled hearing. A warrant was issued for his arrest, and the bond posted by Appellant was ordered forfeited.

{¶5} On July 7, 2016, a Notice, signed by the Deputy Clerk of Courts, stated:

As the defendant, and as the surety for the defendant in the above matter, you are hereby notified that this case came on for hearing on 04/06/2016. The defendant, having notice thereof, has failed to appear and the bond was Ordered forfeited. Further, a warrant has been issued for the defendant's arrest because of his/her failure to appear under the provision of the bond.

You are required to show good cause on or before 8-22-16 being not less than forty-five, nor more than sixty days from the mailing of this notice, why judgment should not be entered against each of you, for the penalty stated in the bond.

**{¶6}**   On August 22, 2016, Appellant sent the following correspondence to the Fairfield County Municipal Court:

> Dear Judge Fields,
>
> I hope this motion find you well.
>
> Concerning Mr. Steven Dye, Case No. CRB 1502653:
> We ask to be released from the bond as we were not notified within the 15 days mandated by the Ohio Revised Code 2937.36(C). Mr. Dye failed to appear on 4/6/2016 yet the notice to us was not sent until 7/7/2016 which is 91 days after he failed to appear.
>
> Respectfully,
>
> (Signature)
>
> Jim Brown
> 1A Bail
> P.O. Box 154
> Sugar Grove, Ohio
> 43155
> 740-687-5656

**{¶7}**   Appellant's correspondence is reflected on the docket on 08/22/2016 as "Motion to be Released from Bond filed by Jim Brown of A1 Bail."

**{¶8}**   On August 30, 2016, the trial court issued a Judgment Entry stating that it was "tak[ing] no action on the correspondence as Mr. Brown is presenting correspondence to the Court outside of his authority to [sic] so as a bail bondman."

**{¶9}**   On September 6, 2016, the trial court sent Appellant an enforcement letter requesting that Appellant remit full payment due for the bond.

**{¶10}**  On October 17, 2016, Appellee State of Ohio, through the City of Lancaster Prosecutor's Office, filed a "Motion in Opposition to Additional Time for Surrender or Reconsideration of Bond Forfeiture". The docket does not reflect any filing on the part of

the surety requesting additional time to surrender the Defendant or reconsideration of the bond forfeiture.

**{¶11}** On November 7, 2016, a docket entry for a Notice of Appearance states "THIS CASE HAS BEEN SCHEDULED FOR: An Oral Hearing (Bank Forfeiture) before Judge James A. Fields, on Friday, 12/16/2016 at 10:30 AM."

**{¶12}** On September 14, 2017, the trial court issued a Judgment Entry entering judgment against Appellant on the forfeited bond.

**{¶13}** On October 16, 2017, Appellant commenced this appeal by filing a notice of appeal, docketing statement, and a request for the DVD/Video of hearing held on December 16, 2016.

**{¶14}** On December 26, 2017, Appellant filed a CD Reproduction Motion with the trial court, requesting the audio/video of the trial court's December 16, 2016, hearing in order to prepare a transcript for this appeal.

**{¶15}** On January 10, 2018, the trial court mailed a blank CD to Appellant's Counsel in response to the CD Reproduction Motion. The CD sent to Appellant's Counsel was blank because the trial court did not have a record of the December 16, 2016, hearing.

**{¶16}** On January 26, 2018, Appellant filed a Notice of Compliance with this Court indicating that there was no transcript available for this appeal because there was no record of a December 16, 2016, hearing.

**{¶17}** Appellant now appeals to this Court, assigning the following errors for review:

**ASSIGNMENTS OF ERROR**

{¶18} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN ITS JUDGMENT ENTRY DATED SEPTEMBER 14, 2017 BECAUSE IT FAILED TO FOLLOW THE REQUIRED PROCEDURES FOR ENTERING JUDGMENT AGAINST A SURETY ON A FORFEITED BOND SET FORTH IN R.C. 2937.36(C), AS THE TRIAL COURT FAILED TO GIVE THE APPELLANT THE NOTICE MANDATED BY R.C. 2937.36(C) WITHIN 15 DAYS AFTER THE DECLARATION OF FORFEITURE.

{¶19} II. THE TRIAL COURT ABUSED ITS DISCRETION IN ITS JUDGMENT ENTRY DATED SEPTEMBER 14, 2017 BECAUSE IT FAILED TO FOLLOW THE REQUIRED PROCEDURES FOR ENTERING JUDGMENT AGAINST A SURETY ON A FORFEITED BOND SET FORTH IN R.C. 2937.36(C), AS THE TRIAL COURT FAILED TO AFFORD THE APPELLANT AN OPPORTUNITY TO SHOW GOOD CAUSE TO AVOID JUDGMENT ON THE FORFEITED BOND.

{¶20} III. THE TRIAL COURT ABUSED ITS DISCRETION IN ITS JUDGMENT ENTRY DATED SEPTEMBER 14, 2017 BECAUSE IT DENIED THE APPELLANT'S MOTION FILED AUGUST 22, 2016 AND REJECTED THE GROUNDS FOR GOOD CAUSE ALLEGED IN THAT MOTION WITHOUT A HEARING.

{¶21} IV. THE TRIAL COURT ABUSED ITS DISCRETION IN ITS JUDGMENT ENTRY DATED SEPTEMBER 14, 2017 BECAUSE IT DEPRIVED THE APPELLANT OF HIS RIGHTS UNDER THE DUE PROCESS AND EQUAL PROTECTION CLAUSES OF THE FOURTEENTH AMENDMENT AND THE OPEN COURTS PROVISION OF THE OHIO CONSTITUTION BY REFUSING TO TAKE ACTION ON THE MOTION FILED BY APPELLANT ON HIS OWN BEHALF."

**II.**

**{¶22}** For ease of discussion, we will address Appellant's assignments of error out of order.

**{¶23}** In his second assignment of error, Appellant argues the trial court erred in entering judgment against him on the surety bond without first holding a show cause hearing. We agree.

**{¶24}** Courts are authorized by Crim.R. 46(A) to release an accused upon the posting of an amount and type of bail set by the court. "Bail" is a form of security such as cash or a bond. Black's Law Dictionary (Seventh Ed.). The purpose of bail is to ensure the appearance of a criminal defendant before the court at a specific time. *State v. Holmes*, 57 Ohio St.3d 11, 14, 564 N.E.2d 1066 (1991); R.C. §2937.22(A).

**{¶25}** Recognizance is a "written undertaking by one or more persons to forfeit the sum of money set by the court or magistrate, if the accused is in default for appearance." R.C. §2937.22(A)(3). Crim.R. 46(A)(3) authorizes the court to accept a surety bond as bail. A surety's recognizance bond is a contract between the surety and the state whereby the state agrees to release the defendant into the surety's custody and the surety agrees to ensure the defendant is present in court on the appearance date. *State v. Lott*, 1st Dist., 2014-Ohio-3404, 17 N.E.3d 1167, ¶ 8; *State v. Scherer*, 108 Ohio App.3d 586, 591, 671 N.E.2d 545 (2d Dist.1995).

**{¶26}** If the accused appears in accordance with the terms of the recognizance, bail deposited by a person other than the accused shall be discharged and released, and sureties on recognizances shall be released. R.C. §2937.40(A)(2).

**{¶27}** If the defendant fails to appear, there is a breach of the condition of bond,

and the court may declare a forfeiture of the bond and thereafter execute upon it unless the surety can be exonerated as provided by law. *Lott*, 1st Dist., at ¶ 8.

{¶28} Forfeiture of bail is governed by R.C. §2937.35, which states:

Upon the failure of the accused or witness to appear in accordance with its terms the bail may in open court be adjudged forfeit, in whole or in part by the court or magistrate before whom he is to appear. But such court or magistrate may, in its discretion, continue the cause to a later date certain, giving notice of such date to him and the bail depositor or sureties, and adjudge the bail forfeit upon failure to appear at such later date.

{¶29} In the case *sub judice*, the Surety and agent argue that the trial court did not follow the statutory procedure in R.C. §2937.36(C).

{¶30} A final judgment of forfeiture in the case of a recognizance surety bond has two steps: an adjudication of bail forfeiture under R.C. §2937.35 and a bond forfeiture show cause hearing under R.C. §2937.36. "Upon the failure of the accused or witness to appear in accordance with its terms the bail may in open court be adjudged forfeit, in whole or in part by the court or magistrate before whom he is to appear." R.C. §2937.35 (or the court "may, in its discretion, continue the cause to a later date certain, giving notice of such date to him and the bail depositor or sureties, and adjudge the bail forfeit upon failure to appear at such later date"). If the bail is "adjudged forfeit" under R.C. §2937.35, then R.C. §2937.36 provides the subsequent procedure:

Upon declaration of forfeiture, the magistrate or clerk of the court adjudging forfeiture shall proceed as follows:

* * *

(C) As to recognizances the magistrate or clerk shall notify the accused and each surety within fifteen days after the declaration of the forfeiture by ordinary mail at the address shown by them in their affidavits of qualification or on the record of the case, of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than forty-five nor more than sixty days from the date of mailing notice, why judgment should not be entered against each of them for the penalty stated in the recognizance. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases.

* * *

**{¶31}** R.C. §2937.36(C).

**{¶32}** As set forth above, the court must notify the defendant and the surety by ordinary mail of an order forfeiting the defendant's bail, "and require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than twenty nor more than thirty days from (the) date of mailing the notice, why judgment should not be entered against each of them for the penalty stated in the recognizance." R.C. §2937.36(C). If the defendant is not produced or good cause for his previous non-appearance is not shown within the time prescribed, "the court ... shall thereupon enter

judgment against the sureties ... so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of the forfeiture, and shall award execution therefor as in civil cases."

{¶33} Upon review, we find the statute requires the court to provide a show cause hearing for surety and agent. R.C. §2937.36(C) provides a surety may be exonerated after the adjudication of bail forfeiture if good cause "by production of the body of the accused or otherwise" is shown. *Holmes*, 57 Ohio St.3d at 13, 564 N.E.2d 1066, citing *State v. Hughes*, 27 Ohio St.3d 19, 20, 501 N.E.2d 622 (1986). R.C. §2937.36(C) instructs the court to "require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than twenty nor more than thirty days from date of mailing notice, why judgment should not be entered against each of them for the penalty [of the bond amount.]" In the instant case, the docket does not reflect that the surety and agent received a show cause hearing before the court entered judgment against surety.

{¶34} After careful review of the entire record and finding no evidence that a date for a show cause hearing was ever scheduled or that a show cause hearing was ever held, this Court finds that the trial court did not follow the statutory procedure in R.C. §2937.36(C), which requires the court to provide a show cause hearing before judgment forfeiting the bond can be entered against surety. Consequently, this Court finds that the trial court abused its discretion when it entered judgment against surety on the bail bond without first providing to surety and agent such statutory requirements.

{¶35} Appellant's second assignment of error is sustained.

**I., III., IV.**

**{¶36}** Based on our disposition of Appellant's second assignment of error, we decline to address the remaining assignments of errors.

**{¶37}** The judgment of the Municipal Court of Fairfield County, Ohio, is reversed and the case remanded for proceedings consistent with this opinion


JWW/d 1023

*Hoffman, J., concurring in part and dissenting in part*

{¶38} I concur in that part of the majority's disposition which reverses the trial court's judgment, albeit for a different reason. To explain the difference, I offer an expanded statement of the case, in a question/answer format, followed by my legal analysis.

## WHO POSTED THE SURETY BOND?

{¶39} Seneca Insurance Company, Inc.

{¶40} While the trial court's September 14, 2017 entry, which is the subject of this appeal, grants judgment against the defendant Steve Dye and Surety, James A. Brown, Appellant herein, the actual surety is Seneca Insurance Company, Inc. ("Seneca"). The bond was executed by "J. Brown" as Executing Agent Attorney-in-Fact for Seneca. The September 14, 2017 Entry does not mention or take judgment against Seneca.

## WHEN WAS THE BOND FORFEITED?

{¶41} The record fails to affirmatively establish when the bond was forfeited.

{¶42} While the July 7, 2016 Notice to Defendant and Surety on Forfeited Bond indicated the bond had already been forfeited and impliedly suggests it was done on April 6, 2016, I find no place in the record before us where the bond was actually ordered forfeited. The record reflects the trial court issued a bench warrant for the defendant's arrest on April 12, 2016; however, there is no mention of bond being forfeited in that document.

## WHO FORFEITED THE BOND?

{¶43} The record fails to affirmatively reveal who forfeited the bond.

**{¶44}** While the deputy clerk of court gave notice of the forfeiture to Appellant, no actual documentation of forfeiture by the trial court is found in the record.

### DID THE TRIAL COURT PROPERLY FAIL TO CONSIDER APPELLANT'S RESPONSE?

**{¶45}** Yes.

**{¶46}** I concede Appellant was acting "outside of his authority" as bail bondsman for Seneca. Although an agent of the company, Appellant is not a lawyer representing the company.

**{¶47}** However, the July 6, 2016 notice threatened judgment against Appellant, personally, which threat ultimately materialized when judgment was rendered against him, individually, on September 14, 2017. As such, I conclude the trial court improperly failed to consider his response by correspondence filed August 22, 2016, as it pertains to his individual liability on the bond.

### WHAT HAPPENED NEXT?

**{¶48}** Confusing!

**{¶49}** Although no formal judgment entry of forfeiture had yet been filed, the next entry in the docket is a letter from an administrative assistant of the Fairfield County Municipal Court to Appellant and Seneca declaring full payment on the bond due within 10 days of the date of the letter (September 6, 2016).

**{¶50}** Although not reflected in the docket, thereafter Appellant apparently requested additional time to surrender the defendant or for the trial court to reconsider bond forfeiture. I say "apparently" because the very next docket entry is Appellee's Motion in Opposition to Additional Time… or Reconsideration of Bond Forfeiture. Appellee's

motion indicated a copy thereof was sent to Appellant's counsel herein, identified therein as "Counsel for Surety James A. Brown/1A Bail Bonds."  As a result, on November 7, 2016, the trial court set the matter for an oral hearing to be held on December 16, 2016. Notice of the hearing was issued to Appellant's counsel herein, followed by the Entry which is the subject of this appeal, over 9 months later.  That Entry entered judgment against Appellant and reflected Appellant failed to appear for the December 16, 2016 hearing.

ANALYSIS

**{¶51}**  This case presents seemingly conflicting legal principles to determine who forfeited the bond and when the forfeiture occurred?

**{¶52}**   It is commonly accepted a court speaks only through its journal entries. Notably absent from this record is a journal entry ordering bond forfeited prior to the final entry of judgment against Appellant on September 14, 2017.

**{¶53}** It is also commonly accepted, in the absence of a transcript demonstrating otherwise, we must presume the trial court acted according to law.

**{¶54}** We have no transcript of the April 6, 2016 trial court proceeding.  Because R.C. 2937.35 permits the trial court to declare bond forfeited in open court, I presume it did so.  Such presumption is supported by the July 7, 2016 letter from the deputy clerk to Appellant, advising him the bond had been forfeited and informing him of his opportunity to show good cause why it should not have been on or before August 22, 2016.  Such presumption also negates the possibility the deputy clerk forfeited the bond without legal authority to do so based on the trial court's issuance of the bench warrant.

**{¶55}** I presume bond was forfeited in open court on April 6, 2016, and the trial court failed to timely give Appellant written notice within 15 days of its forfeiture as required under R.C. 2937.36(C), as was argued in Appellant's first assignment of error. I find such error, standing alone, requires reversal.

**{¶56}** Assuming, arguendo, notice had been timely given, I would find the trial court committed error by not giving consideration to Appellant's letter filed August 22, 2016, at least as it pertains to his individual liability. Such letter, in turn, would have precipitated a show cause hearing. But, whether such show cause hearing did or did not take place in December, 2016, is moot because of the initial error for failing to give the statutorily required 15 day notice.

## CONCLUSION

**{¶57}** I would sustain Appellant's first assignment of error, and reverse the trial court's judgment against Appellant. I find remand for further proceedings unnecessary.