[Cite as *State v. Andreano*, 2023-Ohio-231.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| CHRISTOPHER ANDREANO | Case No. 2022 CA 000017 |
| Defendant | |
| and | |
| UNIVERSAL FIRE AND CASUALTY<br>INSURANCE CO., et al | O P I N I O N |
| Surety-Appellants | |


CHARACTER OF PROCEEDING: Criminal Appeal from the Cambridge Municipal Court, Case Nos. 21 CRA 2100683 A & B

JUDGMENT: Reversed and Remanded

DATE OF JUDGMENT ENTRY: January 26, 2023

APPEARANCES:

For Plaintiff-Appellee

WILLIAM HENRY FERGUSON
LAW DIRECTOR
111 North 7th Street
Cambridge, Ohio 43725

For Defendants-Appellants

DOUGLAS C. BOND
D. COLEMAN BOND
116 Cleveland Avenue, NW, Suite 600
Canton, Ohio 44702

*Wise, J.*

**{¶1}** Appellants Universal Fire and Casualty Insurance Co. and Turoczy Bonding Co. appeal from the May 3, 2022, Judgment Entry by the Cambridge Municipal Court. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On August 30, 2021, Christopher Andreano ("Defendant") was charged with Aggravated Trafficking in Drugs in violation of R.C. §2925.03(A)(2), and Aggravated Possession of Drugs in violation of R.C. §2925.11(C).

**{¶3}** On September 1, 2021, Appellants posted a surety bond in the amount of $100,000 on behalf of Defendant. A preliminary hearing was scheduled for September 10, 2021, but rescheduled for September 20, 2021.

**{¶4}** On September 20, 2021, Defendant failed to appear at his preliminary hearing. The trial court issued a warrant for the arrest of Defendant.

**{¶5}** On September 28, 2021, Defendant filed a Motion to Set Aside Warrant and Set Matter for Preliminary Hearing as Defendant tested positive for COVID-19.

**{¶6}** On October 15, 2021, the trial court granted Defendant's motion. The preliminary hearing was rescheduled for October 22, 2021.

**{¶7}** On October 22, 2021, Defendant again failed to appear for his preliminary hearing. The trial court issued another warrant for Defendant's arrest and ordered the Bond to be forfeited.

**{¶8}** On November 3, 2021, the trial court issued a Journal Entry, stating, "[t]he bond in this case has already been ordered forfeited prescribed by law. New bond set at $500,000.00, no 10% allowed."

{¶9}   On November 4, 2021, the trial court issued a notice to Defendant and Appellants indicating that the bond posted for Defendant had been declared forfeited, and stated, in pertinent part: "Pursuant to ORC 2937.26C, TUROCZY BONDING CO is hereby ordered to either present the body of the defendant or $100,000, on or before 12-01-21 at 1:00PM or show cause why judgment should not be entered against you, and each of you, for the penalty stated in the recognizance."

{¶10}  On December 17, 2021, Appellants filed a Motion for Stay of Execution of Bond Judgment.

{¶11}  On December 27, 2021, the trial court denied the motion.

{¶12}  On March 14, 2022, Defendant was brought into the trial court. Appellants filed a Motion to Vacate Bond Forfeiture Judgment.

{¶13}  On March 24, 2022, Defendant waived his preliminary hearing and his case was bound over to the Guernsey County Court of Common Pleas.

{¶14}  On April 8, 2022, the trial court held a hearing on Appellants' Motion to Vacate Bond Forfeiture Judgment. At the hearing, Defendant and an agent of Appellants presented evidence supporting remission of the forfeited bond.

{¶15}  On May 3, 2022, the trial court ordered the remission of $8,000, and ordered $92,000 be forfeited to Cambridge Municipal Court for nonappearance of Defendant.

{¶16}  We first observe the Law Director for the City of Cambridge did not file an Appellee's Brief in the case *sub judice*. Therefore, we may accept the facts and issues as stated in Appellants' brief as correct and reverse the judgment if Appellants' brief reasonably appears to sustain such action. App.R.18(C).

**ASSIGNMENTS OF ERROR**

{¶17} Appellants filed a timely notice of appeal. They herein raise the following two Assignments of Error:

{¶18} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN ENTERING JUDGMENT AGAINST SURETY-APPELLANTS ON THE FORFEITED BOND IN THIS MATTER BECAUSE IT FAILED TO FOLLOW THE REQUIRED PROCEDURES FOR ENTERING JUDGMENT AGAINST A SURETY ON A FORFEITED BOND AS SET FORTH IN R.C. 2937.36(C).

{¶19} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN DECIDING THE MOTION FOR REMISSION FILED BY SURETY-APPELLANTS PURSUANT TO R.C. 2937.39 BECAUSE IT FAILED TO CONSIDER REQUIRED FACTORS, AND ITS FINDING [sic] WERE NOT SUPPORTED BY THE RECORD."

**I.**

{¶20} In Appellant's First Assignment of Error, Appellant argues the trial court erred when it entered judgment against Appellants on the surety bond without first conducting a show-cause hearing. We agree.

{¶21} Courts are authorized by Crim.R. 46(A) to release an accused upon the posting of an amount and type of bail set by the court. "Bail" is a form of security such as cash or a bond. Black's Law Dictionary (Seventh Ed.). The purpose of bail is to ensure the appearance of a criminal defendant before the court at a specific time. *State v. Holmes*, 57 Ohio St.3d 11, 14, 564 N.E.2d 1066 (1991); R.C. §2937.22(A).

{¶22} Recognizance is a "written undertaking by one or more persons to forfeit the sum of money set by the court or magistrate, if the accused is in default for

appearance." R.C. §2937.22(A)(3). Crim.R. 46(A)(3) authorizes the court to accept a surety bond as bail. A surety's recognizance bond is a contract between the surety and the state whereby the state agrees to release the defendant into the surety's custody and the surety agrees to ensure the defendant is present in court on the appearance date. *State v. Lott*, 1st Dist. No. C-130543, 2014-Ohio-3404, 17 N.E.3d 1167, ¶8; *State v. Scherer*, 108 Ohio App.3d 586, 591, 671 N.E.2d 545 (2d Dist.1995).

**{¶23}** If the accused appears in accordance with the terms of the recognizance, bail deposited by a person other than the accused shall be discharged and released, and sureties on recognizances shall be released. R.C. §2937.04(A)(2).

**{¶24}** If the defendant fails to appear, there is a breach of the condition of bond, and the court may declare a forfeiture of the bond and thereafter execute upon it unless the surety can be exonerated as provided by law. *Lott* at ¶8.

**{¶25}** Forfeiture of bail is governed by R.C. §2937.35, which states:

Upon the failure of the accused or witness to appear in accordance with its terms the bail may in open court be adjudged forfeit, in whole or in part by the court or magistrate before whom he is to appear. But such court or magistrate may, in its discretion, continue the cause to a later date certain, giving notice of such date to him and the bail depositor or sureties, and adjudge the bail forfeit upon failure to appear at such later date.

**{¶26}** In the case *sub judice*, Appellants argue the trial court did not follow the statutory procedure in R.C. §2937.36(C).

**{¶27}** "A final judgment of forfeiture in the case of a recognizance surety bond has two steps: an adjudication of bail forfeiture under R.C. §2937.35 and a bond forfeiture

show cause hearing under R.C. §2937.36(C)." *State v. Dye*, 5th Dist. Fairfield No. 17 CA 00045, 2018-Ohio-4551, 122 N.E.3d 678, ¶30. "Upon the failure of the accused or witness to appear in accordance with its terms the bail may in open court be adjudged forfeit, in whole or in part by the court or magistrate before whom he is to appear." R.C. §2937.35. If the bail is "adjudged forfeit" under R.C. §2937.35, then R.C. §2937.36 provides, in pertinent part:

> (C) As to recognizances the magistrate or clerk shall notify the accused and each surety within fifteen days after the declaration of forfeiture by ordinary mail at the address shown by them in their affidavits of qualification or on the record of the case, of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than forty-five nor more than sixty days from the date of mailing notice, why judgment should not be entered against each of them for the penalty stated in the recognizance. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases.

{¶28} Accordingly, the court must notify the defendant and the surety by ordinary mail of an order forfeiting the defendant's bail, "and require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than

forty-five nor more than sixty days from the date of mailing notice, why judgment should not be entered against each of them for the penalty stated in the recognizance." R.C. ¶2937.36(C). If the defendant is not produced or good cause for his previous non-appearance is not shown within the time prescribed, "the court … shall thereupon enter judgment against the sureties … so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of the forfeiture, and shall award execution therefor as in civil cases." R.C. ¶2937.36(C).

**{¶29}** We have previously found the statute requires the court to provide a show-cause hearing for surety and agent. *Dye* at ¶33. R.C. §2937.36(C) provides a surety may be exonerated after the adjudication of bail forfeiture if good cause "by production of the body of the accused or otherwise" is shown. *Holmes* 57 Ohio St.3d at 13, 564 N.E.2d 1066, citing *State v. Hughes*, 27 Ohio St.3d 19, 20, 501 N.E.2d 622 (1986). R.C. §2937.36(C) instructs the court to "require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than forty-five nor more than sixty days from the date of mailing notice, why judgment should not be entered against each of them for the penalty[.]"

**{¶30}** In the case *sub judice*, the bond was forfeited on October 22, 2021.

**{¶31}** On November 4, 2021, a notice went out instructing Appellants to show good cause by December 1, 2021, twenty-seven days after the notice was mailed by the trial court.

**{¶32}** The legislature amended R.C. 2937.36 effective September 30, 2021. "The amendment changed the notice time frames for recognizances by requiring the magistrate or court to notify the criminal defendant and each surety within 15 days of the

forfeiture declaration and by extending the time between the mailing of the notice and the show-cause hearing to 45 to 60 days." *Lott* at ¶16. Previously, the show-cause hearing was required to be held within twenty to thirty days from the date of the mailing notice. *Id.*

**{¶33}** After careful review of the entire record, we found no evidence that a date for a show-cause hearing was scheduled or held within the parameters set by R.C. §2937.36(C), which requires the court to provide a show-cause hearing before judgment forfeiting the bond can be entered against surety between forty-five and sixty days of mailing notice of forfeiture declaration. Consequently, this Court finds that the trial court abused its discretion when it entered judgment against Appellants on the bail bond without first providing Appellants such statutory requirements.

**{¶34}** Accordingly, Appellants' First Assignment of Error is sustained.

**II.**

**{¶35}** Due to our disposition in the first Assignment of Error, we decline to address Appellants' second Assignment of Error.

**{¶36}** For the foregoing reasons, the judgment of the Cambridge Municipal Court in Guernsey County, Ohio, is reversed and the case is remanded for proceedings consistent with this opinion.

By: Wise, J.
Gwin, P. J., and
Hoffman, J., concur.

JWW/br 0119