THE STATE OF OHIO, APPELLEE, *v.* SMITH ET AL., APPELLANTS.

(No. 1893—Decided January 11, 1984.)

*Mr. Keith Shearer,* prosecuting attorney, and *Mr. Martin Frantz,* for appellee.

*Mr. Robert Gluck,* for appellant.

QUILLIN, P.J. The appellee has filed no brief and we therefore proceed under App. R. 18(C) which provides in part:
"* * * If an appellee fails to file his brief * * * in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

After being charged with aggravated burglary and grand theft, Gregory Smith was released on bail. Appellant, Clyde W. White, was surety on the bail bond.

When Smith did not appear in court as directed, the court forfeited his bail and eventually rendered judgment against the surety White in the amount of penalty of the bond. White now appeals claiming procedural defects and exoneration because Smith was incarcerated in the Lorain County Jail.

According to the statement of facts supplied by appellant, when Smith failed to appear at a pretrial, the court on November 10, 1982, revoked the bond and ordered the clerk to notify the surety to appear on "a date certain" to show cause why judgment should not be entered against the surety. White was served with a copy of the journal entry but nothing else. No date certain was fixed.

White was unable to locate Smith until late January or early February 1983. In the interim, no action was taken by the prosecuting attorney or the court. On February 23, 1983, a journal entry was filed wherein the court found that the surety had failed to produce Smith and ordered forfeiture of the bond, execution against the surety and a capias for Smith's arrest. In response to the journal entry, the surety, on March 7, 1983, filed an answer and motion to dismiss which set up the defense of impossibility of performance by reason of Smith's incarceration in the Lorain County Jail. The surety informed the Wayne County Sheriff of the whereabouts of Smith, but the sheriff was unable to secure custody of Smith be-

cause there were "holders" issued by Medina and Summit County officials.

On March 14, 1983, the clerk of courts sent letters to the surety and his company notifying them that the bond had been forfeited and ordering them to show cause on or before April 14, 1983, why judgment should not be entered against them. This was the first instance of a date certain being set as required by R.C. 2937.36. On April 14, 1983, the surety appeared and the matter was continued to May 5, 1983. At that time the court requested the surety to submit a writing to show Smith's incarceration in Lorain County. In compliance with the court's request, the surety, *pro se*, on May 10, 1983, filed an "amendment to motion to dismiss and testimony" wherein the surety informed the court that Smith had been arrested by the Lorain County Sheriff on January 21, 1983. Nevertheless, the court found against the surety, prompting this appeal. (On September 23, 1983, Smith pleaded guilty to a reduced charge and was sentenced to prison. The sentence was to run concurrently with sentences imposed in Lorain County, Summit County and Medina County.)

On the day fixed by the court for the surety to either produce Smith or show other good cause why judgment should not be entered, Smith was incarcerated in the Lorain County Jail. The surety, therefore, was prevented from producing Smith because the state was holding Smith thereby frustrating the efforts of the surety to comply with the terms of the bond. The state may not block a surety from satisfying the bond and at the same time demand performance. The purpose of bail is to assure a defendant's appearance in court. It is not to enrich the state. 8 American Jurisprudence 2d (1980) 674, 710, Bail and Recognizance, Sections 128 and 187. The surety having shown good cause for failing to produce Smith on the date certain fixed by the court, the judgment against him was erroneous.

*Judgment reversed.*

BAIRD and HOFSTETTER, JJ., concur.

HOFSTETTER, J., retired, of the Eleventh Appellate District, sitting by assignment in the Ninth Appellate District.