DECISION AND JUDGMENT
{¶ 1} This is an appeal from an order of the Toledo Municipal Court that bond posted by appellant, 24/7 Bail Bonds, on behalf of Curtis Jackson be forfeited. For the reasons set forth below, the judgment of the trial court is reversed. *Page 2 
 {¶ 2} On March 26, 2008, Curtis Jackson was arrested and booked into the Lucas County Jail on a felony warrant for possession of drugs. The following day, appellant posted bond of $2,500 on Jackson's behalf. Jackson failed to appear in court for a preliminary hearing on April 18, 2008, and a bench warrant was issued for his arrest. The trial court ordered the bond forfeited and set a forfeiture hearing for May 8, 2008. Notice of the hearing was sent to appellant on April 18, 2008. On April 20, 2008, before appellant learned that Jackson had failed to appear in court, Jackson was arrested by the Toledo Police on other charges and taken into custody. On April 21, 2008, upon learning of Jackson's arrest, appellant filed a motion requesting release from the bond. On April 30, 2008, Jackson pled no contest to an amended charge on the same case.
 {¶ 3} On May 8, 2008, the forfeiture hearing was held. At the hearing, appellant informed the trial court that when Jackson was arrested on April 20, appellant had not yet received notice that he had failed to appear on April 18, 2008. Appellant added that the case had been resolved successfully with Jackson pleading no contest. The trial court responded, "Not my problem," and ordered the bond forfeited.
 {¶ 4} Appellant now appeals setting forth the following assignments of error:
 {¶ 5} "Assignment of Error No. 1
 {¶ 6} "A trial court abuses its discretion when it forfeits a bond when good cause is shown that the defendant is already in custody and the `body is produced' pursuant to Ohio Revised Code 2937.36."
 {¶ 7} "Assignment of Error No. 2 *Page 3 
 {¶ 8} "A court is without authority to order a surety bond forfeited after a case has been concluded without notice to the surety that the bond may continue pending disposition of the case on review."
 {¶ 9} After judgment has been rendered against the surety or following re-arrest of the accused, the trial court "* * * may remit all or such portion of the penalty as it deems just * * *." R.C. 2937.39. The decision to remit a forfeited bond is a matter within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. State v. Patton (1989), 60 Ohio App.3d 99, 101. An abuse of discretion is more than an error of law or judgment; it connotes that the trial court's attitude is arbitrary, unreasonable or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} In State v. Jackson, 153 Ohio App.3d 520, 2003-Ohio-2213, ¶ 9, the Third District Court of Appeals noted that Ohio's appellate districts "uniformly require trial courts to consider and weigh various factors in order to reconcile the purposes of both bail and bond remission." This court has found that, when determining whether to remit some or all of a forfeiture, the trial court should consider the following factors: (1) the circumstances of the accused's reappearance; (2) his or her reason for failing to appear; (3) the prejudice afforded the prosecution by the accused's absence; (4) whether sureties helped return the defendant; (5) mitigating circumstances; and (6) whether justice requires that the entire amount remain forfeited. State v.Ramey, 6th Dist. No. L-08-1040, 2008-Ohio-3275, ¶ 9, citing State v. Am.Bail Bond Agency (1998), 129 Ohio App.3d 708, 712-713. *Page 4 
 {¶ 11} Although counsel for appellant attempted to explain that the defendant was taken into custody before appellant knew he had failed to appear, the trial court denied the request to release the bond without giving a reason for its decision. As set forth above, Ohio courts have made clear the expectation that a trial court evaluate and weigh various factors when considering a request for post-appearance bond remission. Because the trial court in this case failed to demonstrate that it considered any of those factors, we find that its decision was arbitrary and, therefore, an abuse of discretion. Accordingly, appellant's first assignment of error is well-taken.
 {¶ 12} In its second assignment of error, appellant asserts that the trial court did not have the authority to continue the bond and rule on forfeiture after the defendant's case was concluded. This argument was considered and rejected by this court in State v. Hopings, 6th Dist. No. L-07-1061, 2008-Ohio-375. Appellant's argument is without merit and its second assignment of error is not well-taken.
 {¶ 13} On consideration whereof, the judgment of the trial court denying appellant's request to be released from the bond is reversed. This matter is remanded to the trial court for further proceedings. Appellee is ordered to pay the cost of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT REVERSED. *Page 5 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1