[Cite as *Youngstown v. Durrett*, 2010-Ohio-1313.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| CITY OF YOUNGSTOWN/<br>STATE OF OHIO, | ) | |
| | ) | CASE NO. 09 MA 57 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| DENNIS DURRETT, Jr., | ) | |
| | ) | |
| DEFENDANT | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| COLUMBUS BONDING CO., Inc., | ) | |
| | ) | |
| APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from Youngstown
Municipal Court,
Case No. 05 TRD 2742.

JUDGMENT:    Reversed and Judgment Entered.

APPEARANCES:
For Plaintiff-Appellee:    Attorney Joseph Macejko
City Prosecutor
26 South Phelps Street
Youngstown, OH 44503

For Appellant:    Attorney Gregg Slemmer
Attorney Jeremy Dodgion
1188 South High Street
Columbus, OH 43206

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: March 26, 2010

DeGenaro, J.

{¶1} Appellant, Columbus Bonding Co., Inc. (dba American Bail Bonds, "CBC") appeals the February 23, 2009 decision of the Youngstown Municipal Court that denied CBC's request for the remission of a $2500.00 bond, which was forfeited for defendant Dennis Durrett's failure to appear at a court hearing.

{¶2} On appeal, CBC argues that the trial court abused its discretion by ordering a full forfeiture of the bond and by further refusing to remit CBC's bond when, in fact, Durrett had been arrested one day after the trial court sent notice to CBC of Durrett's failure to appear, and Durrett had already been sentenced four days before the show-cause hearing occurred. CBC additionally argues that the trial court abused its discretion by conditionally granting CBC's remission motion and then later denying the motion.

{¶3} Upon review, the trial court's denial of CBC's motion was an abuse of discretion, having been entered solely for the reason that CBC was not directly responsible for Durrett's return, even though Durrett had returned to the court, entered a plea, and had already finished serving his sentence at the time of the trial court's decision. CBC's second assignment of error is moot. Accordingly, the decision of the trial court is reversed and judgment is entered for CBC.

Facts and Procedural History

{¶4} On August 17, 2005, Dennis Durrett, Jr. was cited for driving under suspension and use of a loud sound device, and assigned Case No. 05 TR D 2742. Durrett was issued a summons to appear before the court on August 18, 2005, and a warrant for his arrest was issued on August 22, 2005 after he did not appear. The docket does not reflect any activity on this case until May of 2008.

{¶5} On May 23, 2008, Durrett appeared before the Municipal Court and entered a not guilty plea. On May 24, 2008, Durrett entered into a surety recognizance for $2500.00, with CBC as the depositor. After granting a few continuances to allow Durrett to obtain counsel, the trial court scheduled Durrett's hearing for August 20, 2008.

{¶6} Durrett failed to appear for the August 20, 2008 hearing. The trial court filed a journal entry issuing a capias warrant and ordering forfeiture of the bond. Nine

days later, on August 29, 2008, the court sent notice to CBC that Durrett had failed to appear, and notified CBC that a hearing would take place on September 22, 2008 for them to show cause as to why judgment should not be entered against CBC for the full amount of the bond.

{¶7} On September 2, 2008, Durrett appeared before the court after having been apprehended pursuant to the capias warrant. On September 18, 2008, Durrett entered a plea of no contest for the charges of driving under suspension and use of a loud sound device. The trial court immediately released Durrett, after imposing a ten day sentence with ten days credit for time served.

{¶8} Four days after Durrett was sentenced and released, at the September 22, 2008 show cause hearing, the trial court asked CBC to explain its involvement in causing Durrett to reappear before the court on September 2, 2008. CBC stated that Durrett was rearrested on August 30, 2008 before CBC could reach him. CBC also explained that Durrett had missed the August 20, 2008 court date due to a death in the family. When asked to explain CBC's efforts prior to Durrett's arrest, CBC stated that they had contacted Durrett's mother, gone to Durrett's employer and "a few other places" to look for him before finding out that he had been rearrested. The court stated that because CBC had not actually contributed to securing Durrett's appearance, judgment must be entered against them. The court stated "unfortunately since you didn't secure his appearance I've got to enter judgment against you * * *. There is not a whole lot I can do about that if you didn't bring the person before the Court which is your responsibility to do that."

{¶9} In the trial court's September 22, 2008 judgment entry, the entirety of the court's analysis was as follows: "The surety, American Bail Bonds, failed to produce the body of the defendant, and therefore, failed to show cause why judgment should not be entered against it." On September 24, 2008, the clerk of court sent notice to CBC that they would no longer be accepted as a surety until they remitted payment for the forfeited bond.

{¶10} On October 15, 2008, CBC filed a Motion for Release of Bond, requesting that the court discharge CBC of further responsibility and release the

surety bond. CBC argued that the surety's performance was excused by impossibility because Durrett had been arrested the day after the court had sent notice to CBC of Durrett's failure to appear. On October 16, 2008, the trial court filed a journal entry stating that it would grant CBC's motion upon CBC's payment of $2500.00. CBC remitted payment on October 29, 2008. On November 25, 2008, CBC filed another Motion for Release of Bond, requesting that the court discharge CBC of further responsibility, release the surety bond and remit $2500.00 to CBC, as CBC had complied with the court's request to remit payment of $2500.00. The court set a hearing on the motion for February 2, 2009, which was continued to February 23, 2009.

{¶11} At the February 23, 2009 hearing, the court stated "we are here * * * on a motion filed by the surety for release of bond, whatever that means because the bond has already been forfeited. Judgment has already issued against the surety, whatever you mean by release." CBC explained that it was requesting a remission of the $2500.00. The trial court responded, "That's not what you asked for. That's what I was concerned about with regard to your motion for release of bond. You can be released from the bond. I don't care about that one way or the other." CBC argued that their actions, in light of the circumstances, indicated that CBC had exercised due diligence to attempt to bring Durrett before the court. The court denied CBC's motion.

{¶12} In its February 23, 2009 judgment entry, the trial court stated that it interpreted CBC's Motion for Release of Bond to be a request for remission of the $2500.00 judgment entered against CBC on September 22, 2008. The trial court stated that it was guided by the factors in *State v. Am. Bail Bond Agency* (1998), 129 Ohio App.3d 708, 719 N.E.2d 13. The trial court concluded that CBC had failed to make a showing of the factors in *Am. Bail Bond Agency*, and that the court thus could not find remission of payment to be proper.

Bond Remission

{¶13} In the first of two assignments of error, CBC asserts:

{¶14} "The municipal court abused its discretion when it ordered the full bond forfeited where the show cause hearing was not held until after the Defendant

appeared and served his sentence, and the Defendant was arrested only ten days after failing to appear and one day after the surety was notified of the defendant's failure to appear."

{¶15} As an initial note, Appellee, City of Youngstown has failed to file a brief in this appeal. This court may proceed under App.R. 18(C), which provides that the reviewing court "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

{¶16} CBC argues that the trial court abused its discretion by forfeiting the bond and by denying the motion for remission because it failed to weigh the factors of *Am. Bail Bond Agency*, and because those factors strongly indicate that the bond payment should have been remitted to CBC.

{¶17} The purpose of bail is to insure that a defendant appears at all stages of the criminal proceedings. *State v. Hughes* (1986), 27 Ohio St.3d 19, 20, 27 OBR 437, 501 N.E.2d 622. When a defendant fails to appear, Crim.R. 46(I) provides that "any bail given for the person's release may be forfeited."

{¶18} R.C. Chapter 2937 provides the procedure for bail forfeiture. Pursuant to R.C. 2937.35, "Upon the failure of the accused or witness to appear in accordance with its terms the bail may in open court be adjudged forfeit, in whole or in part by the court or magistrate before whom he is to appear. But such court or magistrate may, in its discretion, continue the cause to a later date certain, giving notice of such date to him and the bail depositor or sureties, and adjudge the bail forfeit upon failure to appear at such later date."

{¶19} When there is a declaration of forfeiture, R.C. 2937.36 states, in pertinent part, "As to recognizances [the clerk or magistrate] shall notify accused and each surety by ordinary mail * * * of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice, * * * why judgment should not be entered against each of them for the penalty stated in the recognizance. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter

judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture * * *." R.C. 2937.36(C).

**{¶20}** If a court has entered judgment on a surety at a hearing held pursuant to R.C. 2937.36, the surety may seek remission of the forfeiture in the event that the accused subsequently appears, surrenders or is rearrested. In that event, the court may exercise its discretion to remit the forfeited bond, or a portion thereof. R.C. 2937.39. A trial court's decision regarding the remission of a forfeited bond is reviewed for abuse of discretion. *State v. Am. Bail Bond Agency* (1998), 129 Ohio App.3d 708, 713, 719 N.E.2d 13. An abuse of discretion involves more than an error of judgment; it implies that the court's attitude is unreasonable, unconscionable, or arbitrary. Id.; *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E. 2d 144.

**{¶21}** In determining whether to remit some or all of a forfeiture, a trial court should consider, 1) the circumstances of the defendant's reappearance, including the timing and voluntariness of the reappearance, 2) the defendant's reason for failing to appear, 3) the inconvenience, expense, delay or other prejudice suffered by the prosecution through the defendant's absence, 4) whether the surety helped to secure the reappearance of the defendant, 5) mitigating circumstances, and 6) whether justice requires total forfeiture of the bond. *Am. Bail Bond Agency* at 712-713. See, also, *State v. Smith*, 7th Dist. No. 05 JE 49, 2006-Ohio-4614, at ¶37-42.

**{¶22}** CBC argues that the trial court only considered the fourth factor in the above analysis, and erroneously ignored all other factors, when it stated "since you didn't secure his appearance I've got to enter judgment against you." CBC asserts that this case is identical to the recent decision by the Sixth District in *State v. Jackson*, 6th Dist. No. L-08-1166, 2009-Ohio-514. In *Jackson*, the defendant was arrested on other charges two days after the trial court had sent notice to the surety of the defendant's failure to appear. Id. at ¶2. Prior to the show cause hearing, Jackson's case had already been concluded with a no contest plea. Id. at ¶2-3.

**{¶23}** Such facts are extremely similar to the ones at hand. However, the trial

court's decision to deny the bond remission motion in Jackson was reversed because the trial court failed to support its decision with any reasons whatsoever, and failed to demonstrate that it had considered any of the *Am. Bail Bond Agency* factors. Id. at ¶11. Here, although the trial court did not list the six factors, it explicitly stated that it considered *Am. Bail Bond Agency*. Thus, *Jackson* is distinguishable from the case at hand.

{¶24} CBC further argues that a proper weighing of the factors, as well as a consideration of public policy, strongly indicates that justice required a full remission of the forfeited bond. Upon review, CBC's argument is well-taken.

{¶25} There are few factors that weigh against remission of the bond to CBC. First, Durrett's reappearance does not appear to have been voluntary. Although CBC argues that Durrett's arrest pursuant to separate criminal charges causes his reappearance for this case to be voluntary, the record does not explain the exact circumstances of Durrett's arrest, and this court will not presume such facts. Second, as the trial court stated, CBC did not actually contribute to Durrett's reappearance before the court. However, as explained further below, the State's speedy arrest of Durrett made CBC's contribution to Durrett's reappearance a practical impossibility. Thus the factors against remission of the bond are not strong.

{¶26} Additionally, there are many factors that favor remission. First, the timing of Durrett's reappearance was quite abbreviated: Durrett appeared before the court on September 2, 2008, less than two weeks after the hearing date at which he failed to appear. Secondly, although Durrett's reason for failing to appear at the August 20, 2008 hearing was not terribly compelling given that he could have informed the various parties about his presence at a funeral, such facts indicate that Durrett's failure to appear may not have been blatantly willful. Thirdly, there is no proof that Durrett's short absence caused much, if anything, in the way of inconvenience, delay or expense to the State: the expense of Durrett's recapture may have been negligible given that he was already being sought on other charges, and he caused no prejudice to the prosecution given that he quickly pleaded to the offenses charged.

{¶27} Fourth, CBC was essentially prevented from contributing to Durrett's

reappearance by the actions of the State: CBC was notified of Durrett's failure to appear nine days after the fact. Durrett was arrested one day after the trial court had sent notice. At the show cause hearing, CBC explained the efforts it had expended in attempting to secure Durrett's reappearance prior to learning that Durrett was incarcerated, which indicates that CBC's failure to secure Durrett's reappearance was not due to a lack of effort. Fifth, there were additional mitigating circumstances, mainly the fact that Durrett had already reappeared, entered a plea, was sentenced, and released for time served, all before the September 22, 2008 show cause hearing.

{¶28} Finally, justice would not require a total forfeiture of the bond. In *State v. Smith* (1984), 14 Ohio App.3d 14, 14 OBR 17, 469 N.E.2d 945, a defendant was incarcerated in a neighboring county jail at the time of the show cause hearing. The Ninth District reversed the trial court's forfeiture judgment, noting that "[t]he state may not block a surety from satisfying the bond and at the same time demand performance. The purpose of bail is to assure a defendant's appearance in court. It is not to enrich the state." Id. at 15. Similarly here, the State's quick arrest of Durrett prevented CBC from personally satisfying the bond, and CBC was nonetheless penalized for not having performed within one day of being notified of Durrett's failure to appear. Moreover, the objective of having Durrett appear in court had already been fulfilled by the time of the show cause hearing. There was no longer a pending proceeding against Durrett for which the production of his body was necessary, and thus no longer a justification for exacting a penalty.

{¶29} The Ohio Supreme Court has explained that the production of the body of the defendant by the date in the notice of failure to appear and adjudication of forfeiture constitutes a showing of good cause why a forfeiture judgment may not be entered against the surety. *State v. Holmes* (1991), 57 Ohio St.3d 11, 13, 564 N.E.2d 1066. It does not appear to matter "whether the defendant is produced by the surety or produced by law enforcement officers; either way the objectives of Crim.R. 46 and R.C. 2937.36 are achieved when the defendant is produced in court on the date his presence is required." *Toledo v. Floyd*, --- N.E.2d ---, 6th Dist. No. L-08-1364, 2009-Ohio-5507, at ¶11, quoting *State v. Richardson* (Aug. 13, 1982), 6th Dist. No. L-82-

126. See also *State v. Crosby*, 12th Dist. No. CA2009-01-001, 2009-Ohio-4936, at ¶29 ("once the defendant was in the state's custody, the trial court was prohibited under R.C. 2937.35 and 2937.36(C) from declaring any portion of the bond forfeited."). Thus, under this final factor, justice would not require a total forfeiture of the bond.

**{¶30}** The above factors weigh strongly in favor of remission. The trial court's refusal to remit any of the forfeited bond was an abuse of discretion in light of the specific facts of this case. CBC's first assignment of error is meritorious.

### Inconsistent Orders

**{¶31}** In its second assignment of error, CBC asserts:

**{¶32}** "The municipal court abused its discretion when, after conditionally granting a motion to release bond upon the surety paying the bond into court, and subsequently denying said motion and refusing to remit the bond."

**{¶33}** Given our disposition of CBC's first assignment of error, CBC's second assignment of error is rendered moot.

**{¶34}** Because the factors of *Am. Bail Bond Agency* weigh heavily in favor of a remission, the trial court committed an abuse of discretion by denying CBC's motion. The judgment of the trial court is reversed and judgment is entered in favor of CBC in the amount of $2500.00.

Vukovich, P.J., concurs.

Donofrio, J., concurs.