[Cite as *State v. Brown*, **2018-Ohio-1047.**]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. 17-CA-32 |
| JAMES BROWN | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Fairfield County Municipal
                               Court, Case No. CR 1700797

JUDGMENT:                      Affirmed

DATE OF JUDGMENT ENTRY:        March 21, 2018

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

DANIEL E. COGLEY                          DOUGLAS C. BOND
Assistant City Prosecutor,                D. COLEMAN BOND
City of Lancaster Prosecutor's Office     700 Courtyard Centre
P.O. Box 1008                             116 Cleveland Avenue, N.W.
Lancaster, Ohio 43130                     Canton, Ohio 44709

*Hoffman, J.*

{¶1}  Appellant James Brown appeals a judgment entered by the Fairfield County Municipal Court ordering forfeiture of a surety bond.  Appellee is the state of Ohio.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2}  Appellant posted a surety bond in the Fairfield County Municipal Court on behalf of Corey A. Christman.   Christman failed to appear for a hearing on January 30, 2017, and the court ordered the bond forfeited by judgment entered March 23, 2017, with instructions to the clerk to notify the surety.

{¶3}  On April 3, 2017, the clerk notified Appellant he was required to show good cause on or before May 19, 2017, why judgment should not be entered against him for the penalty stated in the bond.  The court held a bond forfeiture hearing on May 19, 2017.  At the hearing, the court granted Appellant thirty days in which to obtain an attorney to show why the court should not forfeit the bond.  Appellant represented he had located Christman and believed he could bring him in to court in the next thirty days.  The court set an additional hearing for June 23, 2017.

{¶4}  On June 21, 2017, Appellant notified the court he had located Christman, who was incarcerated in the Morgan County Jail.  Appellant asked to be released from the bond.

{¶5}  The case proceeded to a second hearing on June 23, 2017.  At the hearing, Appellant represented Christman has been in and out of jail the last few months.  The court noted Christman had failed to appear for a number of scheduled hearings and asked Appellant what efforts he had made to secure Chirstman's appearance.  Appellant stated he had tracked Christman to several places, but the main reason he had not found

Christman was because Christman was incarcerated. He found out Chirstman had been at Southeastern jail, but was released before Appellant could get there. Appellant was not clear on what date Christman would be released from the Morgan County jail, as the release date depended on a court hearing.

{¶6} The court noted Appellant made some efforts to locate Christman. The court stated if Appellant brought Christman into custody in Fairfield County, the court would return $1,500.00 of the $2,000.00 bond. By judgment filed June 23, 2017, the trial court placed a holder on Christman to be released to Appellant's bonding company, and ordered $1,500.00 of the bond to be returned following Christman's return to the Fairfield County jail. It is if from the June 23, 2017 judgment Appellant prosecutes this appeal, assigning as error:


I. THE TRIAL COURT ABUSED ITS DISCRETION IN ITS JUDGMENT ENTRY DATED JUNE 23, 2017 BECAUSE IT WAS CONTRARY TO OHIO LAW AS THE APPELLANT SHOWED GOOD CAUSE WHY JUDGMENT SHOULD NOT BE ENTERED AGAINST HIM PRIOR TO, AND DURING, THE BOND FORFEITURE HEARING ON JUNE 23, 2017.

II. THE TRIAL COURT ABUSED ITS DISCRETION IN ITS JUDGMENT ENTRY DATED JUNE 23, 2017 AS THE STATE IS NOT PERMITTED TO FORFEIT A BAIL BOND AND ENTER JUDGMENT AGAINST A SURETY FOR FAILING TO PRODUCE A DEFENDANT, WHEN THE STATE HAS MADE IT IMPOSSIBLE FOR THE SURETY TO

PRODUCE THE DEFENDANT BY HOLDING THAT DEFENDANT IN ITS CUSTODY.

III. THE TRIAL COURT ABUSED ITS DISCRETION BY COMMENCING A CRIMINAL ACTION AGAINST THE APPELLANT IN THIS MATTER BECAUSE A BAIL FORFEITURE PROCEEDING AGAINST A SURETY IS A CIVIL ACTION.

I.

**{¶7}** Appellant argues the court erred in ordering a portion of the bond forfeited because he showed good cause as to why he could not produce Christman on June 23, 2017, as Christman was incarcerated in Morgan County.

**{¶8}** This Court reviews the trial court's bond forfeiture decision using an abuse of discretion standard. *State v. Green*, 9th Dist. Wayne No. 02CA0014, 2002-Ohio-5769, ¶ 11. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

**{¶9}** R.C. 2937.36 provides in pertinent part:

Upon declaration of forfeiture, the magistrate or clerk of court adjudging forfeiture shall proceed as follows:

(C) As to recognizances the magistrate or clerk shall notify the accused and each surety within fifteen days after the declaration of the

forfeiture by ordinary mail at the address shown by them in their affidavits of qualification or on the record of the case, of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than forty-five nor more than sixty days from the date of mailing notice, why judgment should not be entered against each of them for the penalty stated in the recognizance. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases. The proceeds of sale shall be received by the clerk or magistrate and distributed as on forfeiture of cash bail.

{¶10} Pursuant to R.C. 2937.36(C), production of the body of the defendant on the date or dates specified in the notice of default and adjudication of forfeiture constitutes a showing of good cause why judgment should not be entered against each surety of the defendant. *State v. Holmes*, 57 Ohio St.3d 11, 13, 564 N.E.2d 1066, 1068 (1991).

{¶11} The notice of forfeiture in the instant case was filed on April 3, 2017, notifying Appellant Christman failed to appear for a hearing on January 30, 2017, and Appellant was required to show good cause on or before May 19, 2017. At the hearing on May 19, Appellant claimed he was not given adequate notice of the forfeiture, and asked for thirty days to obtain counsel. Appellant asked the court if his bringing Christman

in during a thirty day continuance would be acceptable. The court responded, "Well, certainly bringing him in helps the cause. But, you know, he should have been here – you know, here we are in May. It should have been January." Tr. (5/19/17)4.

{¶12} At the June 23 hearing, Appellant represented for the first time he had located Christman in the Morgan County jail. While Appellant may have shown good cause for not producing Christman on June 23, 2017, he did not demonstrate good cause as to why he did not produce Christman in January or during the thirty day interval between the May 19 and June 23 hearings. Nevertheless, the court placed a holder on Christman and ordered $1500.00 of the $2000.00 bond to be returned to Appellant upon Christman's return to Fairfield County. We find no abuse of discretion in the trial court's decision.

{¶13} The first assignment of error is overruled.


II.

{¶14} Appellant argues it was impossible to bring Christman in on June 23, 2017, due to his incarceration in Morgan County. As discussed in the first assignment of error, the partial forfeiture of the bond was not a result of Appellant's failure to produce Christman on June 23, 2017, while he was incarcerated in Morgan County. Christman missed multiple hearings beginning in January of 2017. Appellant did not demonstrate it was impossible to produce Christman prior to his incarceration in Morgan County on the date of the June 23, 2017 hearing.

{¶15} The second assignment of error is overruled.

### III.

**{¶16}** In his third assignment of error, Appellant argues the court abused its discretion in commencing a criminal action against him, because a bail forfeiture proceeding against a surety is a civil action.

**{¶17}** Although the instant action carried a criminal case number in the trial court, the action does not bear indicia of a criminal action. There was no criminal complaint filed, no plea entered, and no judgment of conviction and sentence. The action clearly proceeded as a civil action for forfeiture of the bond despite the case number and caption of the case as "State of Ohio v. James Brown." The mere fact a case is assigned a criminal case number by the clerk of courts does not convert a civil action into a criminal action.

**{¶18}** The third assignment of error is overruled.

**{¶19}** The judgment of the Fairfield County Municipal Court is affirmed.

By: Hoffman, J.

Wise, John, P.J. and

Wise, Earle, J. concur