[Cite as *State v. Thompson*, 2024-Ohio-2715.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 113472 |
| v. | : | |
| DEERIUS THOMPSON, | : | |
| Defendant-Appellee. | : | |
| [Appeal by T.H. Sly LLC, | : | |
| Appellant-Surety] | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** July 18, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-682396-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Frank Romeo Zeleznikar, Assistant
Prosecuting Attorney, *for appellee*.

Bond Law, Ltd., Douglas C. Bond, D. Coleman Bond,
and Jonathan J. Bond, *for appellant*.

MICHAEL JOHN RYAN, J.:

{¶ 1} The appellant in this appeal is T.H. Sly LLC ("appellant"), the bond company that posted a $10,000 recognizance bond on behalf of the defendant, Deerius Thompson. Appellant challenges the trial court's November 14, 2023 judgment against it in the amount of $10,000, and in favor of plaintiff-appellee, the State of Ohio. The trial court further ordered that if the judgment was not satisfied within 60 days, "the clerk of courts is instructed to accept no further recognizances from" appellant. After a thorough of the facts and pertinent law, we reverse.

{¶ 2} The record demonstrates that in June 2023, the defendant was bound over to the Cuyahoga County Common Pleas Court on charges that originated from the Garfield Heights Municipal Court. Bond was set in the municipal case at $10,000, and appellant posted the bond for the defendant. In July 2023, the defendant was indicted by a Cuyahoga County Grand Jury. Arraignment was scheduled for July 27, 2023. The defendant failed to appear at arraignment, and the trial court ordered the bond to be forfeited and issued an arrest warrant for the defendant. The trial court also ordered appellant "to produce the body of said defendant or show why judgment should not be entered against [it]" for the amount of the bond.

{¶ 3} The docket shows that on August 2, 2023 (after the date of the originally scheduled arraignment), the trial court canceled the July 27, 2023 arraignment at the request of a family member and rescheduled it for August 14,

2023.  On August 11, 2023, a letter of apprehension was sent to Summit County.[1] The August 14, 2023 rescheduled arraignment took place with the defendant present, and the trial court vacated the bond forfeiture, continued bond at $10,000, and recalled the arrest warrant.

{¶ 4} A pretrial hearing was scheduled for September 14, 2023, and the defendant failed to appear.  The trial court ordered appellant "to produce the body of said defendant or show why judgment should not be entered against [it]" for the amount of the bond by November 13, 2023.

{¶ 5} On November 7, 2023, appellant filed a "motion to release surety." In the motion, appellant requested to be released "from all liability and further obligation on the Defendant's bond . . . and to cancel the bond forfeiture hearing scheduled on November 13, 2023."  As cause, appellant stated that the defendant had been arrested on September 13, 2023, on a parole violation and had been sentenced to a 90-day jail term in Summit County.  In addition to requesting relief from all liability, appellant requested the trial court issue an arrest warrant for the defendant to the Summit County Sheriff under R.C. 2937.40(A).

{¶ 6} On November 14, 2023, the trial court issued the judgment that is the subject of this appeal.  In the judgment, the trial court found that appellant "failed to produce the body of" appellant by November 13, and therefore "upon

---

[1] A letter of apprehension notifies one jurisdiction that a defendant is wanted in another jurisdiction.  *See State v. Scahel*, 2016-Ohio-18, ¶ 2 (8th Dist.).

full consideration of all the circumstances of the case" entered judgment against appellant, and in favor of the State, in the bond amount of $10,000.

{¶ 7} On December 7, 2023, appellant filed a motion to vacate the trial court's order entering judgment against it; the trial court did not rule on the motion and appellant filed this appeal. Appellant's sole assignment of error reads:

> The trial court abused its discretion by entering judgment against the appellant-surety in its November 14, 2023 judgment entry because good cause was shown by the appellant-surety to avoid judgment pursuant to R.C. 2937.36(C), as the appellant-surety provided the trial court with evidence that the appellant-defendant was incarcerated in the Summit County Jail.

{¶ 8} Under R.C. 2937.22(A), "[b]ail is security for the appearance of an accused to appear and answer to a specific criminal or quasi-criminal charge in any court or before any magistrate at a specific time or at any time to which a case may be continued, and not depart without leave." "A surety's recognizance bond is a contract between the surety and the state whereby the state agrees to release the defendant into the surety's custody and the surety agrees to ensure the defendant is present in court on the appearance date." *State v. Dye*, 2018-Ohio-4551, ¶ 25 (5th Dist.), citing *State v. Lott*, 2014-Ohio-3404, ¶ 8 (1st Dist.), and *State v. Scherer*, 108 Ohio App.3d 586, 591 (2d Dist. 1995).

{¶ 9} "'A final judgment of forfeiture in the case of a recognizance surety bond has two steps: an adjudication of bail forfeiture under R.C. 2937.35 and a bond forfeiture show cause hearing under R.C. 2937.36.'" *State v. Guzman*,

2020-Ohio-539, ¶ 9 (3d Dist.), quoting *Youngstown v. Edmonds*, 2018-Ohio-3976, ¶ 13 (7th Dist.). Good cause is effectuated "by production of the body of the accused or otherwise." R.C. 2937.36.

{¶ 10} Bond forfeiture decisions are reviewed for abuse of discretion. *Guzman* at ¶ 7, citing *State v. Brown*, 2018-Ohio-1047, ¶ 8 (5th Dist.). A court abuses its discretion when it "exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority." *State v. McFarland*, 2022-Ohio-4638, ¶ 20 (8th Dist.), citing *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 11} In its assignment error, appellant asks us to consider whether: (1) the trial court abused its discretion by entering judgment against it prior to the bond forfeiture hearing when it demonstrated good cause to avoid that judgment, (2) the defendant's incarceration in another county was good cause, and (3) good cause could be demonstrated before the date of a scheduled bond hearing.

{¶ 12} We find the second issue presented by appellant dispositive. We note that appellee, the State, "takes no position whether good cause was shown as why the surety could not produce [the defendant's] body, nor whether the trial court's bond forfeiture was an abuse of discretion."

{¶ 13} Both the State and appellant cite *State v. Smith*, 14 Ohio App.3d 14 (9th Dist. 1984). *Smith* presented a factual scenario like the one presented here. In *Smith*, the defendant was out on bond after being charged with felonies.

The defendant failed to appear at a pretrial hearing, and the trial court revoked the bond and notified the surety to appear on a date certain to show cause why judgment should not be entered against it; no specific date was provided, however.

{¶ 14} The surety was unable to locate the defendant for at least two months after the trial court's revocation of the defendant's bond. Approximately three months after the revocation order, the trial court issued a judgment against the surety and an arrest warrant for the defendant. In response, the surety filed an answer and a motion to dismiss in which it set forth "the defense of impossibility of performance by reason of Smith's incarceration in the Lorain County Jail." *Id*. at 14. The surety informed the sheriff of the county where the subject case was pending, but the sheriff was unable to secure custody of the defendant because of "holders" from other counties. *Id*. at 14-15.

{¶ 15} Thereafter, the trial court sent another notice to the surety advising that the bond had been forfeited and ordering it to show cause by a date certain why judgment should not be entered against it; a specific date was given this time. The surety appeared by the required date and, at the court's request, submitted documentation of the defendant's incarceration in another county. The court nonetheless issued judgment against the surety.

{¶ 16} The Ninth Appellate District reversed the trial court, stating:

> On the day fixed by the court for the surety to either produce Smith or show other good cause why judgment should not be entered, Smith was incarcerated in the Lorain County Jail. The surety,

therefore, was prevented from producing Smith because the state was holding Smith thereby frustrating the efforts of the surety to comply with the terms of the bond. The state may not block a surety from satisfying the bond and at the same time demand performance. The purpose of bail is to assure a defendant's appearance in court. It is not to enrich the state. 8 American Jurisprudence 2d (1980) 674, 710, Bail and Recognizance, Sections 128 and 187. The surety having shown good cause for failing to produce Smith on the date certain fixed by the court, the judgment against [the surety] was erroneous.

*Id.* at 15.

{¶ 17} On the record before us, appellant demonstrated good cause for its failure to produce the defendant on the date set by the trial court. Specifically, the defendant was incarcerated in the Summit County Jail and the surety provided the trial court with notice of the defendant's incarceration ahead of the show cause hearing date. The trial court therefore abused its discretion in entering judgment against the surety.

{¶ 18} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant T.H. Sly LLC recover from appellee the State of Ohio costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

MARY J. BOYLE, P.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR