[Cite as *State v. Lambert*, 2025-Ohio-208.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

SHEILA M. LAMBERT

    Defendant

and

EVANS BAIL BONDS

    Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. John W. Wise, J.
Hon. Andrew J. King, J.

Case No. 24 CA 08

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Municipal Court, Case No. 22TRC01221 |
| JUDGMENT: | Reversed |
| DATE OF JUDGMENT ENTRY: | January 24, 2025 |

APPEARANCES:

For Plaintiff-Appellee

P. ROBERT BROEREN, JR.
MT. VERNON LAW DIRECTOR
5 North Gay Street, Suite 222
Mount Vernon, Ohio  43050

For Defendant-Appellant Surety

JONATHAN J. BOND
600 Courtyard Centre
116 Cleveland Avenue, NW
Canton, Ohio  44702

*Wise, J.*

{¶1} This appeal arises from the efforts of appellant, Evans Bail Bonds ("Evans"), to be discharged from liability on a bond posted for Sheila M. Lambert in *State of Ohio v. Sheila M. Lambert,* Mount Vernon Municipal Court, Knox County, Case No. 22TRC01221.

## FACTS AND PROCEDURAL HISTORY

{¶2} The following facts are not in dispute.

{¶3} On October 12, 2021. Sheila M. Lambert was charged with two counts of operating a motor vehicle under the influence, a violation of R.C. 4511.19(A)(1)(a) and 4511.(A)(1)(i). On October 27, 2022, Lambert was found guilty after a jury trial and sentenced to three years community control and one hundred eighty days in the Knox County Jail, with all but ten days suspended.

{¶4} On November 2, 2023, Lambert was charged with a probation violation and the next day, the trial court set bond in the amount of $5,000.

{¶5} On November 15, 2023, appellant Evans acted as surety and posted a bond on behalf of Lambert. Evans is a licensed bail bondsman in the State of Ohio.

{¶6} The bond was conditioned upon Lambert's appearance and surrender, if necessary, pursuant to the orders of the Mount Vernon Municipal Court.

{¶7} On January 9, 2024, Lambert failed to appear for a hearing, and the trial court issued a warrant for her arrest and ordered her bail revoked. On January 11, 2024, the trial court initiated forfeiture proceedings against Evans and set the matter for a bond forfeiture show cause hearing on February 28, 2024.

{¶8} On January 12, 2024, Lambert was arrested through the efforts of the Knox County Sheriff and housed in the Knox County Jail pending further court proceedings.

**{¶9}** On that same day, Lambert appeared before the trial court for a probation violation hearing. Thereafter, on January 18, 2024, she again appeared before the trial court for a probation violation hearing and was found guilty of a probation violation.

**{¶10}** Lambert was sentenced to ninety-two days in the Knox County Jail beginning January 18, 2024.

**{¶11}** On February 28, 2024, the bond forfeiture came before the trial court for a show cause hearing.

**{¶12}** Appellant Evans did not appear for the show cause hearing. In a journal entry, the trial court ordered the bond forfeited:

> This matter came before the Court on 02-28-2024, for the purpose of a show cause hearing as to why the $5,000 bond previously posted should not be forfeited to the Court. The bond depositor was notified of the hearing but failed to appear. The Court finds no reason why the $5,000 bond previously posted should not be forfeited to the Court and, therefore, orders that the bond is forfeited.

**{¶13}** *Journal Entry, Feb. 28, 2024.*

**{¶14}** On March 7, 2024, appellant Evans filed a motion to vacate forfeiture.

**{¶15}** On March 22, 2024, the trial court denied the motion to vacate bond forfeiture.

**{¶16}** Appellant Evans filed a timely appeal from the trial court's orders arguing one assignment of error. The state has not filed a brief in opposition or any other response.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION BY ENTERING JUDGMENT AGAINST THE APPELLANT IN ITS FEBRUARY 28, 2024 JOURNAL ENTRY BECAUSE GOOD CAUSE WAS SHOWN BY THE APPELLANT TO AVOID JUDGMENT PURSUANT TO RC. 2937.36(C), AS THE DEFENDANT WAS ARRESTED AND RETURNED THE DEFENDANT TO THE TRIAL COURT'S CUSTODY ON JANUARY 12, 2024, AND THIS GOOD CAUSE WAS SHOWN TO THE TRIAL COURT THROUGH THE APPELLANT'S MARCH 7, 2024 MOTION TO VACATE FORFEITURE AND THE DEFENDANT'S SUBSEQUENT APPEARANCES IN COURT PRIOR TO THE DATE OF THE BOND FORFEITURE SHOW CAUSE HEARING.

## LAW AND ANALYSIS

*Standard of Review is abuse of discretion*

**{¶17}** We review a trial court's order forfeiting a bond under an abuse of discretion standard. *State v. Thompson,* 2024-Ohio-2715, ¶ 10 (8th Dist.) citing *State v. Guzman,* 2020-Ohio-539, ¶ 7 (3rd Dist.). "A court abuses its discretion when it 'exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority.' " *State v. Thompson,* 2024-Ohio-2715 at ¶ 10 (8th Dist.) citing *State v. McFarland,* 2022-Ohio-4638, ¶ 20 (8th Dist.); *State v. Brown,* 2018-Ohio-1047, ¶ 8 (5th Dist.) citing *State v. Green,* 2002-Ohio-5769, ¶ 11 (9th Dist.).

**{¶18}** "Abuse of discretion is a distinctive term of art that is not meant as a derogatory statement about the district judge whose decision is found wanting. Rather,

the term merely signifies that a district court based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." V*illage of Freeport v. Barrella,* 814 F.3d 594, 611 (2d Circ., 2016).

**{¶19}** In this case, appellant asks us to consider whether the trial court abused its discretion by declaring its bond forfeited when the defendant was found by law enforcement and incarcerated prior to the show cause hearing. Appellant did not attend the show cause hearing and has no explanation as to why it did not attend.

*R.C. 2937.36 and R.C. 2937.39 govern bond forfeiture*

**{¶20}** The purpose of bail is to ensure the appearance of a criminal defendant before the court at a specific time. *State v. Dye,* 2018-Ohio-4551, ¶ 24 (5th Dist.), citing *Black's Law Dictionary 1335* (7th Ed. 1999). "If the defendant fails to appear, there is a breach of the condition of bond and the court may declare a forfeiture of the bond unless the surety can be exonerated as provided by law." *State v. Lott,* 2014-Ohio-3404, ¶ 8 (1st Dist.).

**{¶21}** R.C. 2937.36 governs bond forfeiture proceedings and states in part:

(C) As to recognizances, the magistrate or clerk shall notify the accused and each surety within fifteen days after the declaration of the forfeiture by ordinary mail at the address shown by them in their affidavits of qualifications or on the record of the case, of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than forty-five nor more than sixty days from the date of mailing notice,

why judgment should not be entered against each of them for the penalty stated in the recognizance. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases. The proceeds of sale shall be received by the clerk or magistrate and distributed as on forfeiture of cash bail.

**{¶22}** R.C. 2937.39 governs remission of bond penalty and states:

After judgment has been rendered against surety or after securities sold or cash bail applied, the court or magistrate, on the appearance, surrender, or re-arrest of the accused on the charge, may remit all or such portion of the penalty as it deems just and in the case of previous application and transfer of cash or proceeds, the magistrate or clerk may deduct an amount equal to the amount so transferred from subsequent payments to the agencies receiving such proceeds of forfeiture until the amount is recouped for the benefit of the person or persons entitled thereto under order or remission.

*Defendant arrested by law enforcement on January 12, 2024*

**{¶23}** The record shows that the defendant was arrested by the Knox County Sheriff on January 12, 2024. On January 18, 2024, the defendant appeared before the trial court and was found guilty of a probation violation.

**{¶24}** Appellant Evans does not claim and the record does not demonstrate that the arrest of defendant was undertaken with any aid or assistance from the appellant. Rather, it appears the arrest was the sole result of the actions of the Knox County Sheriff's Deputies.

*Appellant failed to appear at show cause hearing*

**{¶25}** On February 28, 2024, the trial court held a show cause hearing on why the bond should not be forfeited. Appellant does not claim that it failed to receive notice and the record demonstrates that notice was sent by the clerk of courts to the address on file for appellant. Nonetheless, appellant did not appear at the hearing and filed no memorandum or notice to the court arguing that the bond should not be forfeited for good cause. The trial court ordered the bond forfeited.

*Appellant's motion to vacate forfeiture*

**{¶26}** On March 7, 2024, appellant sprang into action and filed a motion to vacate forfeiture arguing that the defendant had been arrested prior to the motion to show cause hearing. The trial court denied the motion. Appellant sought no stay of execution.

*Ohio law on bond forfeiture*

**{¶27}** The Ohio Supreme Court has held that production of the body of the defendant on the date specified in the notice of default and adjudication of forfeiture constitutes a showing of good cause why judgment should not be entered against surety of the defendant. *State v. Holmes,* 57 Ohio St.3d 11 (1981), syllabus.

**{¶28}** Ohio appellate districts have followed the *Holmes* holding consistently. Recognizing that the purpose of a surety bond is to ensure that the defendant attend all court proceedings, when a defendant is in custody prior to a show cause hearing, it is an

abuse of discretion for the trial court to order forfeiture of a bond. *See State v. Arrington,* 2023-Ohio-2606, ¶ 41 (2nd Dist.) (finding that the trial court abused its discretion by awarding judgment against surety when the defendant had been produced and appeared before the date specified in the show cause order); *City of Youngstown v. Edmonds,* 2018-Ohio-3976, ¶ 19 (7th Dist.) (finding that trial court abused its discretion in ordering bond forfeiture where defendant was returned to custody at the local jail and appeared twice before in court before show cause hearing); *State v. Thompson,* 2024-Ohio-2715 (8th Dist.) at ¶ 17 (finding that trial court abused its discretion when surety filed motion prior to show cause hearing and demonstrated that defendant was incarcerated in another county).

**{¶29}** It makes no difference whether the defendant appears as the result of the efforts of the surety or law enforcement. *City of Toledo v Hunter,* 2009-Ohio-6985, ¶ 10 (6th Dist.) (finding that the trial court abused its discretion in ordering bond forfeiture where defendant was arrested by law enforcement prior to show cause hearing and appeared in court prior to show cause hearing).

**{¶30}** In this case, the matter is complicated by appellant's failure to appear at the show cause hearing, failure to present the defendant to the court to avoid forfeiture or file any motion with the trial court prior to the show cause hearing as to why good cause was shown to deny bond forfeiture*. Compare City of Youngstown v. Edmonds*, 2018-Ohio-3976, at ¶ 17 (7th Dist.) (finding that surety filed a motion prior to the show cause hearing stating the defendant was incarcerated and had appeared before the trial court).

**{¶31}** Indeed, it appears from the record that appellant simply disregarded the show cause hearing and expected the trial court to summarily rule in its favor.

**{¶32}** Accordingly, we reverse the decision of the trial court denying the bond forfeiture and remand the case to the trial court for further hearing to allow the state to present evidence as to its costs incurred in arresting defendant and to allow appellant Evans to present evidence as to remission of all or a portion of the forfeited bond. *AAA Sly Bail Bonds,* 2018-Ohio-2943 (5th Dist.).

## CONCLUSION

**{¶33}** The judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is reversed and the cause remanded for further consideration in accordance with this opinion.

By: Wise, J.

Gwin, P. J., and

King, J., concur.

JWW/kt 0106